### *Jackson, ex dem. Nicholas Low and others,* v. *James Reynolds.*

ON an affidavit stating the death of one of the lessors of the plaintiff, from belief, information, diligent search and inquiry,

*Riggs*, on the behalf of the defendant, moved to strike out of the declaration one count wholly, and in all the others the name of *Drake.*

*Howell*, contra. The application now comes too late, being after entering into the consent-rule; at all events the affidavit should state, that the fact was unknown at that time. In addition to this, he men-

tioned, that from the counter affidavit which he held, it appeared the defendant had heretofore consented to give up possession, having failed to try according to stipulation.

*Per Curiam.* The motion must be granted. It has been before decided, that a defendant may thus come in and move, on the death of a party before the commencement of the suit. As to the objection that the application is out of season, the answer is, that it is never out of season when on the ground of an original irregularity in the plaintiff himself.* There-fore, the not coming in earlier cannot be urged. The affidavit furnishes such evidence of the facts as are *prima facie* sufficient; and if not true, ought to have been denied by the plaintiff, especially as it is in his power: for the attorney of the lessor may, nay certainly must, know if his client is alive.

*Howell* hoped the costs would not be allowed.

*Per Curiam.* It does not necessarily follow that the attorney of the plaintiff must know of the death of one of the lessors. He may have examined into the title on behalf of one person acting for others equally interested, and seeing a number of names necessary to be made parties, he may think them all in existence, and the affidavit of the defendant be the first notice of the death of any one entitled. The costs ought to be paid if the fact was known sooner: and the application for the object of this motion ought to be made as soon as the right to apply was discovered. The court, however, reserved the consideration of costs till the next day, when they denied them,

* See *Ditz* ads. *Butler & others, ante,* p. 105.

May Term, 1803.

saying the plaintiff was irregular from the beginning; and though he might not have been in fault, there is no reason for allowing him costs, when it is to have his proceedings rectified, that the defendant comes before the court.