<div align="right">UTICA,<br>August, 1829.<br><br>Doe<br>v.<br>Butler.</div>

Motion for new trial denied.

---

## Doe, ex dem. Marston and others. vs. Butler.

THIS was an action of ejectment, tried at the New-York circuit, in March, 1828, before the Hon. OGDEN EDWARDS, one of the circuit judges.

The premises in question were claimed by the lessors of the plaintiff under a deed conveying the same with other lands, executed by Nicholas Bayard to Thomas Marston and six others, as *joint tenants*, bearing date 20th December, 1771, duly acknowledged and recorded. The consideration expressed in the deed was £10,000. Thomas Marston *survived* his co-grantees, and died himself in the beginning of the year 1814. He had four daughters, all of whom married and died during the life time of their father, leaving children.

The declaration contained four demises: the *first*, from Thomas Marston, laid on the 1st January, 1813; the *second* a *joint demise* from the heirs of Thomas Marston, laid on the 28th February, 1826; the *third*, also a *joint demise* from the same persons, laid on the 1st January, 1820; and the *fourth*, from one Lawrence Reid Stevens. The descent of the per-

*A conveyance in fee having been shewn from the original proprietor of a tract of land, the grantees will be presumed to have entered into possession; and whoever is in possession will be presumed to hold for them, and in subordination to their title, until the contrary appears. So ruled, in a case where the claim to recover was made under a conveyance executed 55 years before suit brought.*

A surrender or re-conveyance to the grantor cannot be presumed, even after a lapse of 55 years, where no foundation for such presumption is laid, by shewing title or claim of right under the grantor, either in the tenant or those from whom he derived his possession.

A presumption of re-conveyance will be made, where it is necessary to clothe a rightful possession with a legal title; but the court must first see that there is nothing but the form of a conveyance wanting. But this presumption in favor of a grant, against written evidence of title, can never arise from the mere neglect of the owner to assert his right, where there has been no adverse title or enjoyment by those in whose favor the grant is to be presumed.

A demise in a declaration of ejectment laid from a man who was dead at the commencement of the suit, may be objected at the trial and is cause of nonsuit. A lessor must be capable of making a demise, not only at the time alleged in the declaration, but also when the suit is commenced.

Where a *joint* demise is laid in the names of several lessors, it must be proved as laid; and unless it be shown that the lessors had such an interest as would enable him to join in a demise, the plaintiff will be nonsuited

sons alleged to be the heirs of Thomas Marston, and named as the lessors of the plaintiff in the *second* and *third* demises, was regularly proved, except that the name of one of them was inserted in the demise Celia, instead of Elsie or Alice, and that the marriage of another, viz. Cornelia Dennis, with John D. Martin, named as lessors, was not proved.

The premises sought to be recovered were part of a farm whereof Nicholas Bayard was in possession, previous to his conveyance of the same in 1771, and whereof he continued in possession until his death in 1798 ; admitting, however, the claims of those who had deeds from his grantees of portions of the farm under the conveyance of 1771. The premises were sold by the corporation of New-York, in 1813, for the term of six years, to satisfy an assessment due the corporation.

On this evidence, the judge ruled that the plaintiff was not entitled to recover, and directed a nonsuit to be entered. The plaintiff excepted, and now moved to set aside the nonsuit.

*J. I. Roosevelt jun*, for plaintiff. The fact that Marston, the lessor of the plaintiff in the first demise died previous to the commencement of the suit, was no cause for nonsuiting the plaintiff. The demise was laid in 1813, and he did not die, until 1814. The enquiry is not whether the lessee be living or dead, but whether he had title at the date of the demise. By the consent rule, the defendant agreed to admit the demise, and to contest the title alone. The death of a lessor does not abate the action, (8 Johns. R. 495,) and is no excuse for not going to trial. (1 Wendell, 27.) The defendant, to have got rid of this demise, should have moved the court to have had it struck out. (3 Johns. R. 259.)

The plaintiff was entitled to recover under the second count. Title was shewn in five lessors ; as to the sixth, there was a mistake in the name. The jury should have been permitted to pass upon the case, so as to have given the plaintiff an opportunity to move to amend. Besides, shewing title in five lessors, supported the plaintiff's claim to five-sixths. The only ground alleged for a nonsuit as to this count was, that the proof did not support the declaration. Tenants in common may make a *joint* demise in ejectment, (2 Caines,

169,) or *separate* demises may be laid in the name of each; and they will recover the whole of the premises, if they can shew title. (12 Johns. 185.) Why, then, should not a recovery be permitted in the names of those in whom title is shewn? Can the joining of a party, who has no title, avoid the lease as to those who had title?

*W. Slosson*, for defendant, did not deny the doctrine, that the death of a lessor during the pendency of a suit, will not abate the suit; but he contended that a plaintiff in ejectment had not the right to insert in his declaration a demise in the name of a *dead* man. Although the action of ejectment is said to be a fiction, the fiction must be such as that it may be true. The lessor must have title, as well at the commencement of the suit, as on the day of the demise. At the commencement of this suit, the lessor had been dead several years. The defendant might have applied to have had the demise stricken out; but it is to be presumed he did not know the fact until it was disclosed on the trial, and he might then make his objection.

He also admitted that here tenants in common may make a *joint* demise in ejectment, though it is held otherwise in England. But a *joint demise* having been laid, a *joint title* must be proved, or the plaintiff must fail. There was a defect of proof as to two of the lessors; the name of one was erroneously stated; the marriage of the other was not shewn, authorising the use of the name of her husband as a lessor.

The plaintiff was properly nonsuited also, because a valid subsisting title was not shewn in the lessors of the plaintiff at the commencement of the suit. The plaintiff was bound to shew a *prima facie* right of entry. Title without possession gives no right of entry. There is no evidence of possession by Marston or his heirs since the execution of the deed in 1771. The possession remained in Bayard until his death, in 1798, and has been continued until the commencement of this suit in 1826, a period of upwards of half a century, and no claim under the deed of 1771, which, if a deed of trust, will be presumed to have been satisfied. A surrender will be presumed of an outstanding title after such a lapse of time. (3 Johns. R. 386. 4 id. 211.)

*Roosevelt,* in reply. The objection to the want of proof of the marriage of one of the lessors, is of the same character as the objection of misnomer; it serves only to reduce the plaintiff's claim another sixth. He is still entitled to recover four sixths. As to the objection of want of possession, a grantor and those claiming under him cannot allege the want of entry, or the absence of proof of acts of ownership, by a grantee in bar of a recovery. (1 Wendell, 341.) The right to presume a conveyance belonged to the jury, and not to the court. (2 Wendell, 3.)

*By the Court,* SUTHERLAND, J. I think the plaintiff was on the whole case, properly nonsuited. It is objected to a recovery under the first count, 1. That no possession is shewn ever to have been taken by Bayard's grantees, (of whom Marston was one,) under the conveyance to them of the 20th December, 1771; and 2. That no actual lease from Marston, before his death, (which took place in January, 1814,) was proved; and that the consent rule does not confess a lease which could not at the time be made.

First. Title and seisin are always considered united until a disseisin is shewn. (Co. Litt. 114, a. b.) A conveyance in fee having been shewn from Bayard, who is acknowledged to have been the original proprietor, to Marston and others, they are presumed to have entered into possession, or whoever was in possession is presumed to have held for them and in subordination to their title, until the contrary appears. A surrender or re-conveyance to Bayard cannot be presumed, because no foundation for such a presumption is laid by the evidence. The defendant shews no title or claim of right under Bayard, either in himself or those from whom he derived the possession. "Deeds, patents, and even acts of parliament, may be presumed to support the long and uninterrupted possession of a right or claim of right; but a conveyance will never be presumed to defeat the claim of a person shewing a good paper title, unless there has been an adverse possession or enjoyment under claim of right, in accordance with the fact presumed." In *Keene* v. *Deardon,* (8 East, 263,) Lord Ellenborough, in relation to a presumption of a

re-conveyance, says, " Presumptions of this sort, when fit to be made, are always made in favor of the possession of those who are rightfully entitled to it." The rule of presumption is *ut·res rite acta est*, and is applied, whenever the possession of the party is rightful, to invest that possession with a legal title. Such a presumption will be made when it is necessary to clothe a rightful possession with a legal title ; but the court must first see that there is nothing but the form of a conveyance wanting. But this presumption in favor of a grant against written evidence of title, can never arise from the mere neglect of the owner to assert his right, when there has been no adverse title or enjoyment by those in whose favor the grant is to be presumed ; for the obvious reason that the presumption against the person shewing title, which arises from the delay in asserting his title, is equally balanced by the like presumption arising from the same delay on the part of the supposed grantee. (Opinion of Chancellor Walworth in *Schauber* v. *Jackson*, 2 Wendell, 35 to 38. 11 East, 372. Cowp. 214.)

*Second.* It has frequently been decided that the death of the lessor of the plaintiff will not abate the action ; (*Frier* v. *Jackson*, 8 Johns. R. 495 ; 1 Wend. 27 ; Adams on Eject. 288, 306 ; 2 Cowen 355 ;) but in all those cases the death of the lessors was after the commencement of the action. The defendant may move to have the demise of a lessor, who died before the commencement of the action, struck out of the declaration ; (1 Caines, 20 ; 1 Johns. Cas. 392 ; Caines' Cas. in Err. 102 ; 3 Johns. R. 259 ;) and it seems the motion will in all cases (if the fact is not denied) be granted as a matter of course, and without costs to be paid to the plaintiff, on the ground that it is an irregularity in the plaintiff to make a dead man a lessor. Although, as a general rule, a lessor will be struck out of the declaration who is shewn to have *no subsisting interest in the premises*, yet, under special circumstances, the court will permit such a demise to be retained· (10 Johns. R. 368. 4 id. 483. 2 Cowen, 502.) But it is no where said that any state of facts will induce the court to retain a demise from a man who was dead when the suit was commenced. If this be so, it is a ground of nonsuit when the

UTICA,
August, 1829.

fact appears upon the trial and no other count is supported. Although the demise is a fiction, still the fiction must be such as might by possibility have been true. The lessor is supposed to have been capable of Making a demise not only at the time when the demise is alleged to have been made, *but when the suit was commenced.*

*Third.* The two counts on the demise of the heirs of Marston were not supported. The demise in both counts *is joint*, and there was no proof of title as to some of the lessors. The demise must be proved as laid. The persons who are supposed to have demised the premises, must be shewn to have had a legal power to demise ; and if the demise is joint only, it should be proved that the lessors had such an interest as would enable them *to join in* a demise. (2 Phil. Ev. 171. 2 Caines, 174. 12 Johns. R. 185, opinion of Kent, Ch. J.) The marriage of Cornelia Dennis (one of the grand children of Thomas Marston) and John B. Martin, who are both lessors, was not proved, and of course no interest was shewn in Marston.

<div style="text-align:right">

*Motion to set aside nonsuit denied.*