Coleman *v.* Henderson *et al.*

JOHN COLEMAN, appellant, *v.* JOHN DOE, *ex dem.* WILLIAM HENDERSON *et al.,* appellee.

*Appeal from Fulton.*

In the trial of an action of ejectment, proof of the decease of one of the lessors of the plaintiff, or that no such person ever existed, is inadmissible; the death of one or all of the lessors, after the commencement of the suit, would not abate the action.

If an action of ejectment should be commenced on a demise from a deceased person, the proper course would be to apply to the Court, on affidavit, to strike such demise from the declaration.

Where, in an action of ejectment, the proof showed that the defendant was in possession of only seventy-three acres off of the north part of the land described in the declaration, and the verdict of the jury and the judgment of the Court were rendered against the defendant for the whole tract of land containing one hundred and sixty acres : *Held,* that there was no error.

A judgment in ejectment is a recovery of possession, without prejudice to the right.

*Semble,* That should a party, under his writ of *habere facias possessionem,* take possession of more land than was recovered by the verdict of the jury, or should he attempt to disturb the possession of a person not a party to the suit, the Court would, in a summary manner, enquire into the facts, and grant a writ of restitution.

THIS cause was tried in the Court below at the November term, 1839, before the Hon. Peter Lott and a jury. A verdict was rendered for the plaintiff, upon which the Court rendered judgment, " that the plaintiff recover from the defendant his said term, in the said declaration mentioned, unexpired and to come, &c., and that a writ of *habere facias possessionem* be awarded him," &c. The defendant appealed to this Court.

S. T. LOGAN, for the appellant.

CYRUS WALKER, for the appellee.

LOCKWOOD, Justice, delivered the opinion of the Court :

This was an action of *ejectment* commenced by the plaintiff, on demises from William Henderson and several others, against Coleman for the recovery of the northwest quarter of section 26, in T. 7 N., of R. 4 E. of the fourth principal meridian, containing one hundred and sixty acres of land. The defendant pleaded not guilty. On the trial of the cause, the lessors of the plaintiff read in evidence, to the jury, a patent from the United States to William Henderson, for the lot in question, and proved that Coleman, at the time of the commencement of the suit, was in possession of seventy-three acres of said land, off the north part.

It is unnecessary to state what is contained in the bill of exceptions in relation to evidence overruled, instructions asked and refused, and exceptions to instructions given, as they only relate to two points, that is, in relation to the death of Henderson, one of

the lessors of the plaintiff, and to the point whether, on proof that the defendant was in possession of only seventy-three acres, the plaintiff was entitled to recover at all, and if so, whether the verdict must not be restricted to the land actually proved, to be in possession of the defendant below.

On the first point, we are of opinion, that all testimony in relation to the death of Henderson, or whether such a person ever existed, was irrelevant. The plaintiff in the action is John Doe, and the death of one or more, or all of the lessors of the plaintiff, after the commencement of the suit, would not abate the action. (1)

This principle settles the question, that all proof on the trial, in relation to the death of Henderson, was irrelevant, and correctly overruled. Should an action of ejectment be commenced on a demise from a deceased person, the proper course would be to apply to the Court below, on affidavit, to strike from the declaration such demise. (2)

The other point made in this case is without merit. The verdict, although a general one, could only affect the defendant below to the extent of his possession. The effect of a recovery in ejectment is correctly stated by Lord Mansfield, in the case of Ulyss *v.* Horde. (3) A judgment in ejectment, says that learned judge, " is a recovery of the possession (not of the seisin or freehold) without prejudice to the right, as it may afterwards appear, that was between the parties. He who enters under it, in truth and substance, can only be possessed according to right, *prout lex postulat.* If he has a freehold, he is in as a freeholder. If he has a chattel interest, he is in as a termor ; and in respect of the freehold, his possession comes according to right. If he has no title, he is in as a trespasser ; and, without any entry of the true owner, is liable to account for the profits."

This is the obvious and established construction of the nature and effect of a judgment in the action of ejectment. Hence no person would be injured by the general verdict of the jury, although it might enable the party to take possession of the whole of the tract mentioned in the declaration. So far as Coleman was concerned, the evidence of the plaintiff below covered the whole tract, and he had the same right to recover the whole tract, as he had a part.

Should a party, however, under his writ of *habere facias possessionem,* take possession of more land than was recovered by the verdict ; or should he attempt to disturb the possession of a person not a party to the suit, the Court would, in a summary manner,

(1) Tillinghast's Adams on Ejectment, 288.
(2) Doe *ex dem.* Marston *et al. v.* Butler, 3 Wend. 153 ; Jackson *ex dem.* Low *et al. v.* Reynolds, 1 Caines 20 ; Jackson *ex dem.* Butler *et al. v.* Ditz, 1 Johns. Cas. 392 ; Jackson *ex dem.* Aikins *et al. v.* Bancroft, 3 Johns. 259.
(3) 1 Burr. 114.

enquire into the facts, and award a writ of restitution. (1)   These principles in relation to the action of ejectment, are amply sufficient to protect all parties from any injurious effects resulting from a general verdict, or a verdict not definitely settling the extent and description of the land recovered.

The judgment is affirmed with costs.

*Judgment affirmed.*

*Note.* See Camden *et al. v.* Robinson, *Post.*

