[See Case No. 5,431.]

GILL (STEVENS v.).  See Case No. 13,398.

GILL (WELLS v.).  See Cases Nos. 17,393–17,395.

## Case No. 5,433.

### GILLELAND v. MARTIN.

[3 McLean, 490.] [1]

Circuit Court, D. Ohio.  Dec. Term, 1844.

EJECTMENT—INSANITY OF LESSOR OF PLAINTIFF—WITNESS—COMPETENCY OF WIFE TO PROVE THAT HER HUSBAND IS LIVING—BURDEN OF PROOF.

1. The court will not dismiss an action of ejectment when the lessor of the plaintiff is living, though he may be insane.

2. The wife is not a competent witness to prove that her husband is living, on such a motion.

3. Where an individual is proved to have been living within seven years, the burden of proving his death lies upon the party who asserts it.

4. The death of the lessor at the time of the demise laid in the declaration, when proved, will defeat the action.

5. If the lessor be a lunatic the action is well brought in his name.

At law.

Mr. Corry, for plaintiff.

H. B. Curtis, for defendant.

LEAVITT, District Judge.  At the last term, a motion was made by the defendant, to strike out the demise laid in the declaration, and to dismiss the suit, on the ground that the lessor of the plaintiff was dead at the time of its institution.  This motion was based on the professional statement of counsel, setting forth, in substance, that in a conversation which he had with Mrs. Gilleland prior to the commencement of the suit, she asserted that her husband was not then living.  This motion having been continued to the present term, the plaintiff by his coun-

[1] [Reported by Hon. John McLean, Circuit Justice.]

sel now appears, and shows cause against it. And for this purpose he exhibits the affidavit of Mrs. Gilleland, the wife of the lessor of the plaintiff, in which she states that her husband has been for many years past a lunatic, separated from his family, and at the time of the commencement of this suit resided in the city of Philadelphia.  The affidavit of a Miss Wallace, the niece of Mrs. Gilleland, and residing with her, at Cincinnati, is also produced; in which she states that she has not seen Gilleland for several years, but has frequently heard of him, by letters from relatives of the family and other means of information, and that he was living in the city of Philadelphia, though laboring under insanity, and incapable of transacting business.  The affidavit of Mrs. Gilleland is objected to as incompetent to prove the fact for which it is offered.  And it is clear that, as the wife of the plaintiff, she is inadmissible as a witness, and her statement is therefore rejected.  But no such objection lies to the affidavit of Miss Wallace.  And her statement, though not conclusive to prove the plaintiff to be in full life, is sufficient to raise the presumption of that fact, and to throw upon the defendant the onus of proving his death.  The doctrine is: That where an individual is proved to have been living within seven years, the burden of proving his death lies upon the party who asserts it.  1 Greenl. Ev. 47.  For the purpose of this motion, the court is therefore justified, in the absence of proof to the contrary, in sustaining the presumption that the lessor of the plaintiff is in full life, and being a resident of the state of Pennsylvania, this court has jurisdiction of this suit.  That the death of the lessor of the plaintiff at the time of the demise laid in the declaration, when proved, will defeat a recovery in the action of ejectment, has been settled by the adjudications of this court, and is sustained by numerous authorities.  3 Wend. 149.

It is suggested by counsel that the fact of the lunacy of the plaintiff, which appears from the affidavits, creates a disability on his part to maintain this action.  But there can be no doubt that the action is rightly brought in his name.  It would not be sustained in the name of his committee, or of a guardian. Adams, Eject. 89; Shelf. Lun. 395 (Law Library).  The motion is therefore overruled.

The counsel for the plaintiff having previously obtained leave to amend his declaration, and having filed an amended declaration, inserting a lot of ground in the town of Delaware by a number differing from that contained in the original, the defendant's counsel moved to set aside the amendment. And it was held, that this amendment was not allowable.  A plaintiff has no right to amend his declaration by adding a count containing a demise from another person, and for a tract of land not before claimed. 1 A. K. Marsh. 450.