## Ellen Lynch and others v. Michael Kirby and another.

*Probate courts: Guardian and ward: Jurisdiction: License to sell: Petition.*
   A petition by a guardian for leave to sell real estate of his wards, which represents that the whole property of the wards consists of their interest in the two parcels of land, that over one hundred dollars is due and owing towards one parcel, that the other is burdened by a mortgage of fifty dollars, that the income of the property is inadequate to pay the debts, interest and taxes, and to maintain, support and educate the wards, is held sufficient under the statute to give the probate court jurisdiction to grant a license to sell.

LYNCH v. KIRBY.

*Petition for license to sell: Jurisdiction.* The fact that some of the statements in such petition were untrue, could have no bearing upon the question whether the allegations of the petition were sufficient to give jurisdiction.

*Guardian's sale: Death of guardian: New guardian: Conveyance.* Where a guardian, after receiving license to sell, making sale and reporting it to the court, and after the court has confirmed the sale and ordered conveyance, dies, and his successor is appointed and qualifies, the latter may properly be directed and required to complete the transaction by deeding and receiving the purchase price. The act of conveyance is rather official than personal, and more a function of the place than a matter appropriated to any individual.

*Guardian's sale: Oath before sale: New guardian.* The oath required in connection with the sale would be inappropriate in such a case on the part of the new guardian.

*Guardian's sale: Subject to mortgage: Bond: Discharge.* Where a guardian's sale is made subject to a mortgage, and the mortgage is owned by the purchaser at such sale, there is no occasion to exact a bond from him to discharge it, since the effect of the transaction is to cancel the mortgage in his hands.

*Appointment of guardian: Record: Consent of ward: Parol evidence.* The record of the appointment of a guardian showing that the appointment was by consent of the ward, this record, when introduced in evidence in another cause, is not open to contradiction by parol.

*Charge to the jury: Evidence: Signature.* Where the guardian has testified that she did not execute the guardian's deed in question, and also that she did not sign the petition for her appointment as guardian, it is competent for the court, in submitting to the jury the question of the genuineness of the deed, to instruct them to take into consideration the fact that she likewise denied her petition, which she was shown by the records to have signed.

*Ejectment: Joint plaintiffs: Declaration: Joint title: Undivided interest.* Where a declaration in ejectment alleges a joint title in all the plaintiffs, it cannot be sustained by proof of title of part of the premises in one only of the plaintiffs; and the statute (*Comp. L. 1871,* § *6231*) has no application to such a case, but contemplates a case where one or more of a greater number of plaintiffs are found to have a right to the possession of the entire premises.

*Submitted on briefs April 5. Decided April 17.*

Error to Wayne Circuit.

This is ejectment by the heirs of John Heffernin for the recovery of the " south equal undivided half " of certain land of which he died seized. The defendants claimed title under a guardian's sale. The judgment below was for defendants, and plaintiffs brought error.

*Henry M. Duffield,* for plaintiffs in error, as to the insufficiency of the petition for license to sell, cited: *Comp. L. 1871,* § *4582; Ryder v. Flanders, 30 Mich.,* 336; that the appointment of a new guardian to execute a deed of conveyance in pursuance of a sale of the land made by the previous guardian, and the

deed of such new guardian, were unauthorized and void: *Burt v. Cobb, 9 Gray, 397; Rorer on Judicial Sales, 5, 144,* § *363; Gridley v. Phillips, 5 Kans., 349; Davis v. Brandon, 2 Miss., 154; Wortham v. Cherry, 3 Head (Tenn.), 468;* that there being no evidence that Eliza Heffernin's interest or share was sold at the guardian's sale, she should have been allowed to recover her share: *Comp. L. 1871,* § *6231.*

*Moore, Canfield & Warner,* for defendants in error, as to the sufficiency of the petition, cited: *Comp. L. 1857,* § *3094;* that the probate court had jurisdiction and authority to appoint a new guardian to execute the deed of conveyance in pursuance of the sale previously made by the former guardian: *Wagner v. Cohen, 6 Gill, 102; Halliburton v. Sumner, 27 Ark., 460; Sheldon v. Wright, 7 Barb., 39; Sypert v. McCowan, 28 Tex., 635; Rorer on Judicial Sales,* §§ *122, 362; Evans v. Spurgin, 6 Gratt., 107; Heirs of Piatt v. Heirs of McCullough, 1 McLean, 69; Osman v. Traphagen, 23 Mich., 80; Gridley's Heirs v. Phillips, 5 Kans., 349; Peterman v. Watkins, 19 Ga., 153;* that the instruction that Eliza Heffernin could not recover unless all the plaintiffs recovered was correct; that the familiar rule which requires parties suing jointly to show a joint right of recovery applies in this case; that the pleadings and proofs must agree: *Moore's Lessee v. Armstrong, 10 Ohio, 11; Toomey v. Pierce, 42 Cal., 335; S. C., 49 Cal., 307; Murray v. Webster, 5 N. H., 391; May v. Slade, 24 Tex., 208.*

GRAVES, J:

*First,* The petition of the guardian for leave to sell was not fatally defective. It represented that the whole property of the wards consisted of their interest in the two parcels of real estate, and that over one hundred dollars was due and owing towards one parcel, whilst the other was burdened by a mortgage of fifty dollars then owned by John Kirby.

It further represented in substance that the income of the property was inadequate to pay the debts, interest and taxes, and maintain, support and educate the wards.

There was sufficient to give jurisdiction and enable the court to take cognizance of the matter.—§ *3076, ch. 101;* and § *3094, ch. 102, C. L. 1857.*

If any of the statements were in fact untrue, still the attaching of jurisdiction would not be thereby hindered.

*Second,* The guardian who received the license, at length made the sale and reported it to the court, and the court confirmed the sale and ordered conveyance.

The death of the guardian before conveyance could not and did not invalidate the sale. That was complete. The purchasers were entitled to conveyance, and no reason is perceived why the successor in the deceased guardian's place might not be directed to complete the transaction by deeding and receiving the price.

There is no express provision that conveyance must be made by the same person who as guardian effects the sale, and nothing is discovered which implies any necessity for such a rule.

On the contrary, it cannot be doubted but that such a regulation would often lead to great embarrassment and useless expense. Every sale not carried out by deed would necessarily fall to the ground in case of death, resignation or removal of the guardian. The act of conveyance is rather official than personal, and more a function of the place than a matter appropriated to any individual, and I think the probate court was warranted in authorizing and directing the new guardian to make the conveyance which was due in law and which the former guardian was at his death lawfully required to execute.

The new guardian succeeded to such of the duties of the place as remained unperformed.

The sale was already consummated, closed and established. It was a matter finished. What remained to be done was to give the deeds and receive and account for the money.

The oath required in connection with the sale would have been inappropriate on the part of the new guardian. It was not applicable to the situation and duties, and was properly omitted.

36 MICH.—31.

A bond was given, and in the same penalty as that which had been required for the bond of the deceased guardian, and it contained conditions proper to secure the duties required of the new guardian.

The sale to John Kirby was made subject to the Callaghan mortgage. But as Kirby owned the mortgage, there was no occasion to exact a bond from him to discharge it. The effect of the transaction was to cancel it.

*Third*, The record evidence on the back of Margaret Haley's petition, showing that Ellen Lynch, then Ellen Heffernin, consented to the appointment of Mrs. Haley as guardian in place of the deceased guardian, was not open to contradiction by parol in this case.

Hence, the question put to Ellen for the purpose of falsifying the certificate on the back of the petition was properly overruled.

*Fourth*, Mrs. Haley, the second guardian, having testified for the plaintiffs that she never executed the guardian's deed in question, stated, in answer to inquiry on cross-examination, that she did not sign the petition, produced from the probate court, for her appointment as guardian. In reference to this, the judge charged that in considering Mrs. Haley's denial of her execution of the deed, the jury should also regard the fact that she likewise denied her petition to be appointed guardian, and which was shown by the records to have been signed by her.

This was not objectionable. It was incumbent upon the jury to judge of the correctness of the witness' memory and decide upon her credit, and it was entirely proper for the court to direct their attention to the extent and application of her denials.

*Fifth*, Neither the notice of sale, the report of sale, nor the deed, mentioned Eliza Heffernin, and it not appearing that her interest was sold, the court was requested by plaintiffs' counsel to charge that in any event she was entitled to recover for one-fifth of the land sued for. This was refused.

It is now suggested by plaintiffs' counsel that the statute seems to have provided for just such a case, and he refers to § *6231, C. L. 1871.*

The counsel is mistaken.    This statute has no application.    The only portion of the section which makes any approach to such a case is the second subdivision.    But that contemplates a case where one or more of a greater number of plaintiffs are found to have a right to the possession of the entire premises sued for, and not to a case where one of several plaintiffs is entitled to a fractional part or interest.

As the case was shaped, it would seem that the ruling was correct.    The declaration having alleged a joint title in all the plaintiffs, it could not be sustained by proof of title of part of the premises in one only of the plaintiffs. In addition to the cases cited in defendant's brief, see *Doe ex dem. Marston and others v. Butler, 3 Wend., 149; Gillett and others v. Stanley, 1 Hill, 121; Cutter and others v. Doughty and others, 7 Hill, 305, 311.*

This disposes of all matters of sufficient importance to be specially noticed, and no error is discovered.

The judgment must be affirmed, with costs, and the cause remitted for such other proceedings as may be proper.

The other Justices concurred.