DOWNING *v.* BIRNEY.

1. ESTATES IN LAND—LIMITATIONS—UNBORN CHILDREN.
   Under a deed which operates to convey a life estate to the grantee, with an estate in fee in expectancy to her or her heirs, or to the assigns of herself and husband, subject to a contingent life estate in her children begotten of said husband, only those children can take who were living at the time of the grant, since 2 How. Stat. § 5533, provides that successive estates for life shall not be limited, unless to persons in being at the creation thereof.

2. SAME—VESTED AND CONTINGENT REMAINDERS.
   The children in being take, under such a conveyance, vested, not contingent, future estates.

3. SAME—TENANCY IN COMMON.
   And, under 2 How. Stat. § 5560, providing that all grants of land to two or more persons shall, in the absence of express declaration to the contrary, be construed to create estates in common, and not in joint tenancy, the estate of each child terminates at death, and is not cast upon the survivors.

4. EJECTMENT—PLEADING AND PROOF—VARIANCE.
   Where a declaration in ejectment alleges a right of possession in several plaintiffs to an undivided three-fourths of the land, and the proof shows an interest, in one of the plaintiffs only, to an undivided one-half, defendant is entitled to judgment.

Error to Bay; Wilber, J., presiding. Submitted June 8, 1898. Decided July 18, 1898.

Ejectment by Parmelia Downing, Clarissa B. Smith, and Mary P. Graham against Henry Birney and wife. From a judgment for plaintiffs on verdict directed by the court, defendants bring error. Reversed.

*Simonson, Gillett & Courtright* (*George P. Cobb* and *E. A. Cooley*, of counsel), for appellants.

*James Van Kleeck*, for appellees.

MONTGOMERY, J.   This is an action of ejectment, has once been considered by this court, and will be found reported in 112 Mich. 474, to which report reference is made for a statement of the main facts.   We there construed the deed under which plaintiffs claim as creating an estate for life in Lorainie Spicer, and a fee in the grantees of Lorainie and Ezekiel, subject to a contingent life estate in the heirs of the body of Lorainie.   Whether all the plaintiffs are entitled to take we found it unnecessary to determine.   We found that the plaintiffs, or some of them, are owners of a life estate in the premises.   It is now contended that under the provisions of section 5533, 2 How. Stat., two of the plaintiffs are precluded from taking a life estate.   At the date of the conveyance, two children of Lorainie were living, — Mary Parmelia (now plaintiff Graham), born in 1844, and Diana, who was born in 1847, and died in 1857.   The two other plaintiffs are children born to Lorainie after the date of the deed.   The statute referred to reads as follows:

"Successive estates for life shall not be limited, unless to persons in being at the creation thereof; and when a remainder shall be limited on more than two successive estates for life, all the life estates subsequent to those of the two persons first entitled thereto shall be void, and, upon the death of those persons, the remainder shall take effect, in the same manner as if no other life estate had been created."

The language of this statute is clear and unambiguous. Under it the plaintiffs Downing and Smith do not take; neither was in being at the date of the conveyance.   See *Amory* v. *Lord*, 9 N. Y. 419.

Did the second life estate vest in moieties in the two living children of Lorainie, or was such estate a contingent remainder?   As we held in our former opinion, the word "children" should not be considered a word of inheritance, but of purchase.   The word as used in this deed is *designatio personæ*, and indicates not inheritable succession, but individual acquisition.   The policy of the law

favors vested estates. 2 Washb. Real Prop. (5th Ed.) 594 (* 228) *et seq.* The present capacity of taking effect in possession if the possession were now to become vacant, and not the certainty that the possession will become vacant before the estate limited determines, distinguishes a vested remainder from one that is contingent. Id. True, there is a class of cases where the remainder is regarded as vested, although all the persons to take are not ascertained or *in esse;* as in case of a devise to a class, as to the children of A. of a remainder upon a life estate to B. If the intent is manifest, though the remainder vest at the death of the testator, yet if, during the continuance of the precedent estate, additional children be born to A., the estate will open, and they will take shares as vested remainders. Id. 599 (* 230). But, under our statute, the conveyance under consideration cannot have this effect, as any attempt to limit a second life estate to persons not in being was futile.

Was a life estate in the whole cast upon Mary Parmelia at the death of Diana? If this be treated as a grant, section 5560, 2 How. Stat., controls. This section provides that all grants and devises of land made to two or more persons, except as provided in the following section, shall be construed to create estates in common, and not in joint tenancy, unless expressly declared to be in joint tenancy. The exceptions stated in the next section do not apply to such a grant as is here under consideration. It follows that the estate of Diana terminated at her death, and a life estate in an undivided one-half only remained in Mrs. Graham, one of the plaintiffs.

The declaration, having alleged a right of possession in all three plaintiffs to the undivided three-fourths, is not supported by proof of right to an undivided one-half in one of the plaintiffs. *Lynch* v. *Kirby,* 36 Mich. 238.

The judgment, which was for the plaintiffs, must be reversed, and a new trial ordered.

The other Justices concurred.