ALBANY,
Oct. 1825.

Malcom
v.
Rogers.

## MALCOM, Demandant, *against* ROGERS, Tenant.

Co-heirs under the statute of descents, (1 R. L. 52, s. 3,) are tenants in common ; and though they *may* join in a real action, pursuant to the statute, (1 R. L. 80, s. 2,) they are not compellable to join ; but may bring several actions for their respective shares or interests.

The words *shall or may*, when used in a statute, are imperative, only when the public interest and rights are concerned ; but when a statute declares that an individual or individuals *shall or may* do certain acts, or have a certain remedy, which is intended for his or their own benefit, he or they have a discretion to do the act, or pursue the remedy, or not.

IN a writ of right ; the count began thus : " Richard M. Malcom, &c. demands against George P. Rogers, the one equal undivided tenth part ; and also the one equal undivided ninth part, of another equal undivided tenth part, of two messuages, &c. and set forth that the demandant's father, William Malcom, was seised of the whole of these messuages, &c. in his demesne as of fee ; and died, leaving three sons and seven daughters, (naming them,) among whom were the demandant, and William A. and Abigail ; that William A. died without issue, whereby his share descended to the demandant and his surviving brothers and sisters, and to William M. the sole son and heir of Abigail, who died before William A. The demandant therefore, claimed the one undivided tenth, as the heir of his father ; and the one undivided ninth of the other undivided tenth, as the heir of his brother, William A., deceased, who was the heir of William Malcom. (See this count, at length, in 1 Cowen's Rep. 11, note (*m*).)

After a special imparlance,(*a*) the defendant pleaded in abatement to the writ, that neither the brothers and sisters surviving, nor William M. were named in the writ, nor sued together with the demandant.

General demurrer and joinder.(*b*)

(*a*) Vid. 1 Cowen's Rep. 12, note (*n*.)

(*b*) The record, after the close of the count, as in 1 Cowen's Rep. 11, 12, is thus : " And now at this day, that is to say, on the first Monday of August, &c. (1823,) until which day, the said George P. Rogers saving to himself all advantages and exceptions, as well to the jurisdiction of ·the Court, as to the writ and count, aforesaid, had leave to imparle thereto, before the Justices of

Record in a writ of right, from the end of the count, to demurrer and joinder inclusive upon a plea in abatement of nonjoinder of demandants.

*S. M. Hopkins*, in support of the demurrer. By the express provision of the statute of descents, the demandant, his brothers, sisters and nephew, are tenants in common; (1 R. L. 52, s. 3;) and it is against the policy of the common law that they should join. The Court might otherwise have ten different titles to try in one action. This

ALBANY,
Oct. 1825.

Malcom
v.
Rogers.

the people of the state of New York, of the Supreme Court of Judicature of the same people, at the Academy, in the town of Utica, in the county of Oneida, comes the said George P. Rogers, by Gabriel Winter and Thomas Bolton, his attorneys, and defends the right, &c. and prays judgment of the writ aforesaid; because he says, that it appears by the count aforesaid of the said Richard M. Malcom, that the said William Malcom, deceased, the late father of the said Richard M. Malcom, died seised of the whole of the messuages and land aforesaid, with the appurtenances in his demesne as of fee and right, without devising the same, leaving lawful issue three sons and seven daughters, to wit, Samuel B., Frances, Elizabeth C., Ann S., Catharine B., Margaret B., Agnes, Abigail and the said Richard M. and William A., and no other lawful issue; and that thereupon, the right to the said one equal undivided tenth part, above demanded, of the said messuages and land, with the appurtenances, descended and came from the said William Malcom, to the said Richard M. Malcom, who now demands the same as son and heir, in respect to the said one equal undivided tenth part, of the said William Malcom, deceased; and that, thereupon, also one other equal undivided tenth part of the said messuages and land, with the appurtenances, descended and came from the said William Malcom, to the said William A., also as son and heir in respect to the same of the said William Malcom, deceased; and that because the said William A. died without issue, after the death of his said father, leaving the said Richard M., Samuel B., Frances, Elizabeth C., Ann S., Catharine B., Margaret B. and Agnes, his said brothers and sisters, and William M. the only lawful child and heir of his said sister Abigail, who was then deceased, the right to the one equal undivided ninth part of the said last mentioned one equal undivided tenth part, which, so as aforesaid, descended and came to the said William A. descended and came to the said Richard M. Malcom, as brother and heir, in respect to the same, of the said William A. deceased, and that the said Richard M. also demands the same, as brother and heir, in respect to the same, of the said William A. deceased; and because the said Samuel B., Frances, Elizabeth C., Ann S., Catharine B., Margaret B., Agnes, and William M. are not named in the said writ, nor do prosecute together with the said Richard M. Malcom, in this behalf, the said George P. Rogers prays judgment of the said writ, and that the said writ may be quashed &c.

And the said Richard M. Malcom saith, that the said plea of the said George P. Rogers, and the matters therein contained, in manner and form as the same are above pleaded and set forth, are not sufficient in law to quash

ALBANY,
Oct. 1825.

Malcom
v.
Rogers

was the clear, well settled and universal rule of the common law, as to real actions, for land. (Litt. sect. 311. 1 Inst. 197, *b*. 2 Bl. Com. 194. Com. Dig. *Abatement*, (E. 10.) *Jackson* v. *Bradt*, 1 Caines' Rep. 169.)

But the statute concerning the process and proceedings in assizes, and other actions, (1 R. L. 79, 80, s. 2,) does provide, that if a person die leaving several heirs, either in the same or different degrees, they *shall or may* recover in one writ or action. The plea must stand or fall by these words, *shall* or *may*, which, it will be said, mean *must*. We deny that, in good English, *shall* or *may* mean *must*; and we deny that they mean so here, in good law, or common sense. Here are ten heirs. One may be himself a deforciant; one may have released, and one will not join; and the co-tenant is thus deprived of his remedy. The distinction between the cases in which *shall* or *may* are to be deemed imperative, or potential, in law, is so fully considered, with the authorities, by the late Chancellor, in

the said writ, and that he, the said Richard M. Malcom, is not bound by the law of the land to answer the same ; and this he is ready to verify. Where fore, for want of a sufficient plea in this behalf, the said Richard M. Malcom prays judgment that the said writ may be adjudged good, and that the said George P. Rogers may answer further, &c.

And now at this day, to wit, on the third Monday of October, (1823,) until which day, the said George P. Rogers, saving to himself all advantage and exception to the writ and count aforesaid, had leave to rejoin to the plea, by the said Richard M. Malcom, above pleaded, by way of reply to the said plea, by the said George P. Rogers, above pleaded, before the justices of the people of the state of New York, of the Supreme Court of Judicature of the same people, at the capitol in the city Albany, come, as well the said Richard M. Malcom, as the said George P. Rogers, by their respective attorneys aforesaid ; and the said George P. Rogers says, that his said plea, by him above pleaded, and the matters therein contained, in manner and form as the same are above pleaded and set forth, are sufficient in law to quash the aforesaid writ of the said Richard M. Malcom ; which said plea, and the matters therein contained, he, the said George P. Rogers, is ready to verify and prove, as the said Court here shall direct and award ; wherefore, inasmuch as the said Richard M Malcom hath not answered the said plea, nor hitherto in any manner denied the same, the said George P. Rogers, as before, prays judgment of the said writ, and that the same may be quashed, &c.

But because, &c. (*curia advisare vult*, &c.)

*The President, &c. of the Newburgh & Conhecton Turnpike Road* v. *Miller and others*, (5 John. Ch. Rep. 101, 112, 113,) that we shall do no more upon this branch of the subject, than to refer to that case.

*J. Platt*, contra. This is a mere question of practice; and both convenience and policy would seem to require that the plea should be sustained. The right of all these heirs may as well be tried in one, as in ten actions; and the Court will, if they do not feel themselves bound by law to do otherwise, establish such a rule as shall prevent, not promote a multiplicity of suits.

These heirs are not tenants in common, within the sense of the rule contended for. The reason of that rule is founded on the idea, that tenants in common may claim by distinct titles. In England, they never acquire by descent. Those who did acquire in this manner, parceners for instance, generally stood in no need of severance, and were required to join; (Com. Dig. *Abatement*, (E. 8,) and the authorities there cited;) or proceed by summons and severance. (Booth on R. A. 26.) Tenants in gavelkind were compellable to join. (Com. Dig. *Abatement*, (E. 8,) and the authorities there cited.) Our statute is, that the land shall descend to sons as tenants in common, *in the same manner as if they were all daughters*. These words are significant, and place them on the same ground as parceners.

Our statute (1 R. L. 80, s. 2,) is a transcript of the statute 52 H. 3, c. 29, which has never been considered as authorizing English heirs to sever. The rule, notwithstanding the act, has continued uniform there. I do not so much mean to insist that *shall* or *may* mean *must*, as that our statute of descents does not vary the remedy of heirs here, either from that of English parceners, or heirs in gavelkind. *Steadman* v. *Bates*, (1 Ld. Raym. 64,) holds that parceners must join in avowry, thus contradicting *Osmer* v. *Sheafe*, (2 Lutw. 1210.) They are, though several persons, all one heir. (Co. Litt. 164, *a.* 2 Bl. Com. 187, 8. The statute intending to create a kind of descent like that which prevailed in gavelkind and coparcenary, it makes no difference that the heirs are in differ-

ent degrees. (Litt. s. 241. Co. Litt. 163, *a*. 164, *a*. Com Dig. *Parceners*, (B.) Runn. on Ejectment, 223, gives the reason why parceners cannot sever. It is because they come in as one heir, and the possession must be joint. And the same doctrine is found in *Jackson* v. *Sample*, (3 John. Cas. 235,) and in Adams on Ejectment, 186, 7; though there is a distinction between possessory and droitural actions. (3 John. Cas. 235. 12 East, 29.)

*Hopkins*, in reply, said the remedy could not depend upon the question, whether all the tenants in common came to their right or possession by the same act or means. All may claim by one conveyance; yet it never was disputed that such may, nay must, sever in a real action. This alone destroys the doctrine set up on the other side. When our statute of descents says, that *lands shall descend in the same manner as if the heirs were all daughters*, it merely means in such shares as daughters would take. It goes to the quantity; not the nature of the estate.

*Curia*, per SUTHERLAND, J. The general rule is that tenants in common cannot join, or be joined in real or mixed actions, unless in the case where some entire or indivisible thing is to be recovered. (Co. Litt. 197, *b*.) Their freeholds are several, and they claim by several and distinct titles. (Litt. sect. 311. 2 Bl. Com. 194. Com. Dig. tit. *Abatement*, (E. 10,) (F. 6.) There is neither a privity of title, nor an union and entirety of interest, as between joint tenants, which render it necessary for the latter to unite, generally, in all real and mixed actions. It was formerly held, that tenants in common could not *join* in making a lease; and that a recovery in ejectment could not be had upon their *joint* demise; but that a separate demise by each must be laid; else, as their estates and titles are different and independent of each other, it would be permitting the plaintiff to try several and distinct titles in one issue, at the same time. (Adams on Ej. 186. Runn. on Ej. 222.) This rule was relaxed as to ejectment in *Jackson* v. *Bradt*, (2 Caines' Rep. 169.)

By the 52 H. 3, ch. 29, and the statute of this state for giving further remedy, and regulating the process and proceedings in assizes and other actions, (1 R. L. 79, s. 2,) it is provided, " that if any person hath died, or shall die, leaving several persons, his or her heirs, either in the same degree, or in different degrees, all such heirs *shall or may recover* in one writ or action, as heirs of the deceased person." This statute undoubtedly *authorizes* the bringing of a joint action by heirs, who are tenants in common. But the question here is, whether it is imperative upon them to unite ; and takes away all discretion upon the subject ?

The statute was intended for the benefit and relief of heirs. Such is the scope and general character of its provisions ; and the language used in this particular section, I am inclined to think, according to established principles of construction, leaves it discretionary with heirs to bring joint or several actions, according to their own views of their own interests.

In *The Newburgh Turnpike Company* v. *Miller*, (5 John. Ch. Rep. 112,) one point presented was, whether the plaintiffs were bound by an act of the legislature, passed in 1815, to remove their gate from the Walkill bridge. The words of the act were, " *that it shall and may be lawful* for the president, directors and company, to remove the toll gate, &c." The Chancellor held that the statute was not imperative ; but that it left it to the discretion of the company to remove their gate or not ; and he considered the true rule of construction applicable to statutes in such cases to be, that the word *may* means *must* or *shall*, only in cases where the public interest and rights are concerned, and where the public or third persons have a claim *de jure* that the power should be exercised.

So in *Rex* v. *Barlow*, (2 Salk. 609,) it was said that where a statute directs the doing of a thing for the sake of justice or the public good, the word *may* is the same as the word *shall*. That was a case under the 14 Car. 2, ch. 12, which gave *power and authority* to the church wardens, &c. to make an assessment to reimburse the constables. The statute was held to be imperative. Both

the public and the constables had an interest in having the authority exercised. The statute of 23 H. 6, which says the sheriff *may* take bail, is construed the same as though it had said he *shall*, upon the principle already stated. The case of *Stamper* v. *Millar*, (3 Atk. 211,) and *Backwell's case*, (1 Vern. 152,) illustrate the same principle. In the latter case, the lord keeper declared, that though the words in the act of parliament, under which the application for a commission of bankruptcy was made, were, that the Chancellor *may* grant it, yet that *may* was in effect *must*, and it had been so resolveu by all the Judges.

In the case now under consideration, the public has no direct or immediate interest in the question; nor have third persons a vested right, or, as Chancellor Kent expresses it, a claim *de jure* to call upon the plaintiff to exercise the *authority* given by the statute to sue jointly with his co-tenants, it is a power given for the benefit of the heirs, which they may exercise, or not, at their discretion. It is permissive merely, and not compulsory.

It was said upon the argument, that the English statute was the same as ours, and that under their statute, co-parceners and tenants in gavelkind, (who are co-parceners by particular custom, instead of common law,) may be compelled to join. Co-parceners and tenants in gavelkind might sue and be sued jointly *at common law ;* and they are not at all affected by the statute. The properties of their estates are like those of joint tenants, not of tenants in common. They have an unity of interest, title and possession. All the parceners make but one heir : and have but one estate among them. (2 Bl. Com. 187.) And although their estate is created in England in the same manner as a tenancy in common may be created under our laws, the properties, qualities and incidents of the two estates are in no respect similar.

I am, therefore, of opinion, that the demandant is er titled to judgment.

Judgment of respondeas ouster.