HYLAH HASBROUCK et al , Respondents, *v.* VALENTINE BUNCE, Appellant, et al.

: 62   475
f167   190

Where title to lands is in several tenants in common, a joint action of ejectment cannot be maintained by two or more, less than the whole number; all must join in one action to recover the whole premises, or a separate action must be brought by each to recover his share.

If the consent of one or more to bring a joint action cannot be obtained he or they may be made defendant under section 119 of the Code, in which case the fact should be stated in the complaint, and proved upon the trial.

Where a grant of land executed by several tenants in common is void by

reason of actual possession by a third person, claiming under a title adverse to that of the grantors, the grantee, in order to maintain an action of ejectment, under section 111 of the Code, must bring it in the name of all the grantors or their heirs or legal representatives.

Where a defect of parties arises after the commencement of such an action in consequence of the death of one or more of the grantors, plaintiffs, the only method in which the defence can be set up is by objecting to the cause proceeding without bringing in the representatives of the deceased parties; and where the objection is taken upon the trial, the overruling thereof is error.

*Hasbrouck et al.* v. *Bunce et al.* (3 T. & C., 309) reversed.

(Submitted June 10, 1875; decided September 21, 1875.)

APPEAL from judgment of the General Term of the Supreme Court in the fourth judicial department, affirming a judgment in favor of plaintiffs entered upon the report of a referee. (Reported below, 3 T. & C., 309.)

This was an action of ejectment to recover certain premises in Norway, Herkimer county; it was originally brought by fourteen plaintiffs who claimed title, as tenants in common, to twenty undivided twenty-first parts of the lot of land in controversy. The alleged owners of the remaining one twenty-first part were made defendants pursuant to section 119 of the Code, upon the allegation that their consent to be made plaintiffs could not be procured. These defendants were not alleged to be in possession of any part of the premises, but the defendants Bunce and Dygert were alleged to be in possession, and to withhold the premises from all the owners.

The defendants Bunce and Dygert, in their answers, set up a general denial, the statute of limitations, and a claim of title by adverse possession.

On the trial before the referee, it appeared that four of the original plaintiffs, who owned, in the aggregate, about one-half of the premises, had died since the commencement of the action.

The defendants moved for a nonsuit on the grounds, among others, that the death of those plaintiffs prevented a present determination of the action; that the heirs at law of those parties who had died should be made parties;

that the action could not be maintained without all the tenants in common joining as plaintiffs; and that there was no proof that the consent of the defendants, originally omitted to be made plaintiffs, could not be obtained. This motion was denied, and an exception taken.

The defendants then gave in evidence, without objection, a recorded deed of the premises from all the original plaintiffs to one Stephen Payne, dated August 13, 1867. It was conceded that the action was commenced in October, 1867.

To rebut this proof, the plaintiffs proved, by one Carpenter, that while he was in possession of the lot, as tenant of the plaintiffs, the defendant Bunce ordered him off on a deed. The deed was not in evidence, but the witness stated that he looked at it, and the bounds of the lot were upon it; and that Bunce said he had bought the lot of one Peter Cellings. The witness stated that he thought he had not given up the land at the last conversation, and the dates of these conversations do not appear. The proofs, however, show that Carpenter continued in possession until 1861 or 1862, and that Bunce went on the land in 1863, 1864 or 1865.

The defendants then renewed their motion for a nonsuit, on the grounds before stated, and on the further ground that the title to the land was shown to be out of the plaintiffs before the commencement of the action by their deed to Stephen Payne; and that if it were claimed that the action was brought under section 111 of the Code for the benefit of Payne, there were no allegations in the complaint to justify a recovery, nor was the proof sufficient for the purpose.

The nonsuit was refused as to Bunce; the complaint was dismissed as to the defendant Dygert, on the ground that he was not shown to be in possession; and the referee found in favor of the surviving plaintiffs against Bunce for sixty-seven one hundred and fortieth undivided parts of the premises.

Exceptions were also taken to the findings and conclusions of the referee.

*Earl & Smith* for the appellants. An action like the present should be brought by one or all the tenants in common. More than one, or less than all, could not be joined as parties plaintiff. (2 R. S., 341; 3 id., 627, § 11; *Cole* v. *Irvine*, 6 Hill, 634; *Miner* v. *Mec. Bk.*, 1 Pet., 73; Code, § 122.) The action having been brought as well for damages as for the recovery of the lands, it was necessary that all the tenants should be joined as parties and continue, or be represented on the record. (4 Abb. Pr. [N. S.], 340; *Depuy* v. *Strong*, 37 N. Y., 372.) The action could be maintained without showing an actual ouster by defendants as to the land in dispute, or a denial of plaintiffs' rights therein. (*Edwards* v. *Bishop*, 4 Comst., 61; *Sigler* v. *Van Riper*, 10 Wend., 414; *Ricard* v. *Williams*, 7 Wheat., 107; Adams on Ejec., 41; 3 R. S., 594, § 20.) A claim under some specific claim of title was necessary. (*Crary* v. *Goodman*, 22 N. Y., 170, 175.) Mere possession, which might ripen into a title by lapse of time under a general assertion of title, does not constitute the adverse possession that avoids a deed as champertous. (*Fish* v. *Fish*, 39 Barb., 513.) Defendants had a right to show title out of plaintiffs; and the evidence having been received, without objection, must have its legal effect. (*Bloom* v. *Burdick*, 1 Hill, 138; *Voorhees* v. *Burchard*, 55 N. Y., 98; *Bryan* v. *Baldwin*, 52 id., 232; *Coleman* v. *Playsted*, 36 Barb., 26; Adams on Ejec. [ed. 1846], 32.)

*A. M. Mills* for the respondents. Defendant Bunce was not a tenant in common with plaintiffs so as to defeat this action. (*Putnam* v. *Ritchie*, 6 Paige, 398; *Valentine* v. *Northrop*, 12 Wend., 495; *Sigler* v. *Van Riper*, 10 id., 418; *Clapp* v. *Brougham*, 9 Cow., 530; *Town* v. *Needham*, 3 Paige, 548.) The deed to Payne did not defeat plaintiffs' right to recover. (*Livingston* v. *Proseus*, 2 Hill, 528; *Van Hoesen* v. *Benham*, 15 Wend., 164; *Jackson* v. *Vredenburgh*, 1 J. R., 159; *Williams* v. *Jackson*, 5 id., 489.) There was no defect of parties plaintiff. (*Porter* v. *Bleiler*, 17 Barb., 156; *Kellogg* v. *Kellogg*, 6 id., 116; *Fosgate* v. *Her. Hy.*

*and Mfg. Co.*, 9 id., 292; *Jackson* v. *Bradt*, 2 Cai., 169; *Cole* v. *Irvine*, 6 Hill, 634.) There was no error in the direction to strike the names of the deceased plaintiffs from the record. (Code, § 173; *Bk. of Havana* v. *Magee*, 20 N. Y., 355.) The amount recovered was correct. (*Vrooman* v. *Weed*, 2 Barb., 330; *Van Rensselaer* v. *Jones*, id., 643; Code, § 121; Laws 1865, chap. 357; 3 R. S. [5th ed.], 669, § 1.)

RAPALLO, J. The first material question presented is, whether a portion of several tenants in common can maintain a joint action of ejectment; the appellant taking the position that, although each one can maintain a separate action for his share, or all may join, a joint action cannot be maintained by more than one, and less than all; and that, consequently, on the death of a portion of the plaintiffs during the pendency of the action, it became defective, and could not proceed without bringing in as parties the heirs of the deceased plaintiffs.

At common law, the general rule was, that tenants in common could not join in real or mixed actions unless some indivisible thing was sought to be recovered. Their freeholds were several, they held by separate and distinct titles, and to allow them to join might necessitate the trial of several distinct titles in one issue, and at the same time. The rule, therefore, was that each must sue separately in respect to his own share.

By the Revised Laws of 1813 (1 R. L., 80, § 2), it was provided, "that if any person hath died, or shall die, leaving several persons his or her heirs, either in the same degree or in different degrees, all such heirs shall or may recover in one writ or action as heirs of the deceased person." It was held in *Malcom* v. *Rogers* (5 Cow., 188), that this statute was intended for the benefit and relief of heirs, and that, although it enabled them to sue jointly, it did not deprive them of the right to bring several actions, but it was optional with them whether or not to avail themselves of the right con-

ferred by the statute; and, accordingly, a writ of right brought by one of several heirs was sustained. By 2 Revised Statutes, 341, section 11, it was enacted, that "when any person shall die, leaving heirs in the same or different degrees, and where several persons shall be in any other way entitled to real estate as tenants in common, or as joint tenants, they may bring *one action* for the recovery thereof, or may bring several actions for their respective shares or interests." The revisers, in their notes, state that this section was intended to conform 1 Revised Laws, 80, section 2, to the decision in *Malcom* v. *Rogers* (5 Cow., 188; 5 Stat. at L., 448), though it will be observed that it extends to the case of all tenants in common, while the provision of 1 Revised Laws, 80, section 2, is confined to tenants in common, who became such by descent from the same ancestor.

If the right to bring a joint action depended upon these statutes, I should be of opinion that the defendants were correct in the position that the action must be brought by each tenant separately, or that all must join; the language of 1 Revised Laws, 80, section 2, being, that "all such heirs" may join, and that of 2 Revised Statutes, 375, section 11, being, that they may sue separately, or may bring "one action," and the latter statute having been intended as a re-enactment of the former. (*Cole* v. *Irvine*, 6 Hill, 638.)

But it appears that, prior to the adoption of the Revised Statutes, although tenants in common could not join in a writ of right, but must bring separate writs (except in the single case provided for by 1 Revised Laws, 80, section 2), the rule in this State (although different in England), was, that such tenants might make a joint demise, and thus maintain, in effect, a joint action of ejectment. (*Jackson* v. *Bradt*, 2 Cai., 169, 174; *Jackson* v. *Sidney*, 12 J. R., 185; *Doe* v. *Butler*, 3 Wend., 149.)

The principle of these decisions seems to have been that, although the titles of tenants in common were distinct and independent, their possession was joint, and they might join in disposing of that interest. The demise alleged in

the old action of ejectment was of a possessory interest, and no more, and such a right only was recovered. And they might unite in an action to enforce this joint right of possession, notwithstanding that they could not unite in those actions in which their right of property was sought to be established, such right not being joint. (See *Cole* v. *Irvine*, 6 Hill, 638, and authorities cited.) In *Jackson* v. *Bradt* (2 Cai., 169, *supra*), there was a recovery, by several tenants in common, of ten-twelfths of the premises, the owners of the remaining two-twelfths not being parties; and, in *Kellogg* v. *Kellogg* (6 Barb., 132), this decision is cited by ALLEN, J., as showing that it was not, at that time, considered necessary that all the tenants in common should join in the action, although several had done so.

Assuming, then, that prior to the adoption of the Revised Statutes, several tenants in common, though less than the whole, might properly be united as plaintiffs in an action of ejectment, the question remains, whether the Revised Statutes have not changed this rule.

Chapter 5 of part 3 of the Revised Statutes, purports to regulate the whole subject of suits relating to real property. It abolishes writs of right and all other real actions, and all writs and process therein known to the common law, except such as are specially retained. (2 R. S., 343, § 24.) It retains the action of ejectment, but gives it a much wider scope than it formerly had. It extends the right to maintain that action to cases in which a writ of right might before have been brought (2 R. S., 303, § 2); and makes the judgment conclusive between the parties as to the title established therein. It prescribes and regulates the form of proceeding, and provides who shall or may be parties, plaintiff and defendant. The distinction formerly made between this and other real actions founded upon the merely possessory character of the action of ejectment necessarily ceases to exist. It now determines not merely the right of possession, but the right of property; and the argument that tenants in common who could not join in a writ of right may join

in an action of ejectment, because that action affects merely their right of possession which is joint, falls to the ground. Then comes section 11 (p. 341), which covers the whole subject of joinder of plaintiffs, and applies to all tenants in common, in whatever manner their tenancy or right may have arisen. It declares that they may bring one action for the whole premises, or several actions for their respective shares. The intent seems apparent that this should apply to all actions of ejectment, whatever be the nature of the title of the plaintiff. It cannot be disputed that if the title were of such a character that, at common law, ejectment would not lie, but the plaintiff would have been put to his writ of right, and the action were brought by virtue of the provision which substitutes ejectment for such writ, the action must be several or all must join, for in such a case there would be no right of joinder, except that founded on the statute, and if that were availed of the course prescribed by it must be pursued. Can it be supposed that the legislature intended that the rule, as to parties, laid down by them should be varied according to the nature of the title which the plaintiff might prove, and should be operative only in the rare cases in which a party could at common law have been driven to his writ of right. On the contrary, it seems to me that they intended to abolish all distinctions formerly existing between the different classes of actions for the recovery of real property, and establish a uniform course of procedure.

A further reason exists in this case for holding that all the parties claiming title to the land in controversy should be joined, and the whole question disposed of in one action. The action cannot be maintained at all except upon the ground that the deed to Payne was void by reason of the adverse possession of the defendant. If valid, the plaintiffs had no title. To give them a standing in court, it must be assumed that the evidence was sufficient to sustain a finding that the defendant Bunce was in possession, claiming under a title adverse to that of the plaintiffs. In such a case it was

held, in *Livingston* v. *Proseus* (2 Hill, 526), that the right of action to recover the property remained in the grantor, unaffected by the deed; though their recovery would inure to the benefit of the grantee, the grantee had no right of action. But, by section 111 of the Code, a right of action in such a case is expressly conferred upon the grantee. True, he cannot sue in his own name, he must use the name of his grantor, his heirs or legal representatives, and this is made an exception to the rule that every action must be prosecuted in the name of the real party in interest. But the right to bring the action is conferred upon the grantee. He is recognized by law as being the real party in interest, and is empowered to use the name of his grantor whether he consent or not. The delivery of a deed, under these circumstances, and in view of this statute, is an irrevocable authority to the grantee to use the name of the grantor to recover the land. The grantee, in such a case, stands upon a similar footing to that of an assignee of a chose in action before the Code. He could sue in the name of his assignor, and the court would protect him against any interference by his assignor. It seems a natural sequence that when there are several grantors all should be made plaintiffs. The real plaintiff, having the right to use all their names, should not be permitted to split up his claim and harass the defendant with several actions in the names of his grantors separately. His right is entire, and the reasonable interpretation of section 111 is, that the term grantor is intended to embrace all the granting parties when they are more than one.

My conclusion is, that all the parties who conveyed to Payne, and the heirs or legal representatives of such of them as had died, should have been made parties plaintiff. Those who did not join in the deed should also be plaintiffs, unless their consent could not be procured, and then they might be made defendants under section 119, and the fact should be proved. If the defect of parties had existed at the time of the commencement of the action, it would have been waived by the failure to take the objection in proper form.

But, having arisen since the commencement of the action, the only mode in which the defence could set it up was by objecting to the cause proceeding without bringing in the representatives of the deceased parties. This objection should have been sustained. It is in the power of the court below still to allow this defect to be remedied, by amendment or supplement, on such terms as may be just, but the judgment in its present form cannot be sustained. It must therefore be reversed, and a new trial ordered with costs to abide the event.

All concur.

Judgment reversed.