Sedgwick, Ch. J., (concurring)
I agree with Judge O’Gorman in his views of this case. It is said in Sands v. Hughes (53 N. Y., 294): “ But there is no rule which prevents a hostile title being acquired, or an adverse possession being originated, during the running of an assessment lease, which possession would ripen into title in twenty years after the end of the term.” The due inference from the testimony in this case is that the plaintiffs could not bring ejectment against Mickle, Mat-sell, Senior, or Matsell, Junior, until 1874, at the end of the twenty-five years’ term of the tax lease, and that their right to bring ejectment commenced then and would continue for twenty years.
It is claimed that the plaintiffs failed to show title to the land, because they did not prove that any ancestor in their paper title had been in occupation of the land. Some testimony on this subject was given, and made a question of fact submitted to the court by the parties. The court did not pass upon this, for its decision was placed solely upon adverse possession by the defendants. This court must now remit the determination of this question to the future proceedings to be held.
The death of some of the plaintiffs since the action was begun, does not assist the defendants on this hearing. In Hasbrouck v. Bunce (62 N. Y. 483), it is said *30 of such a state of facts, “ If the defect of parties had existed at the time of the commencement of the action, it would have been waived by the failure to take the objection in proper form. But having arisen since the commencement of the action, the only mode in which the defence could set it up, was by objecting to the cause proceeding without bringing in the representative of the deceased parties.” This objection, therefore, does not authorize a dismissal of the complaint, nor tend to sustain an otherwise unsupported direction to the jury in favor of defendants. The objection goes to the further continuance of the action. The order here should be the same as the order in the cited case ; the plaintiffs’ exception being sustained, a new trial is ordered, with costs to abide the event.