### READ et al. v. SIMON.

(Supreme Court, General Term, Fifth Department. June, 1892.)

DEATH OF COTENANT PENDING ACTION OF EJECTMENT—ORDER OF SEVERANCE.

Code Civil Proc. § 1500, provides that one or more tenants in common may maintain an action to recover "his or their undivided shares in the property" where "an action might be maintained by all." Section 1522 provides that where, upon the death of a party, "different persons" succeed to the decedent's title to "distinct parcels of the property sought to be recovered," the court may direct "that the action be divided into as many actions as are necessary," and that the successor to the title to each parcel be substituted as plaintiff or defendant. *Held* where, pending an action to recover land by two tenants in common, one of them died, leaving the survivor as her sole heir, and by her will making her husband her sole devisee, and a contest of the will had not been determined, that, the sections quoted being confused, and their application being doubtful and uncertain, the court properly made an order of severance, with leave to the survivor to amend or make a supplemental complaint.

Appeal from special term, Erie county.

Action by John J. P. Read and Elizabeth A. S. Read against August Simon. From an order made upon the death of Elizabeth A. S. Read, directing

that the action be severed, and that it proceed as between the plaintiff John J. P. Read and defendant, with leave to amend the complaint, John J. P. Read appeals. Affirmed.

Argued before DWIGHT, P. J., and MACOMBER, J.

O. O. Cottle, for appellant. George W. Cothran, for respondent.

MACOMBER, J. This action was brought by the plaintiff John J. P. Read, and his sister Elizabeth A. S. Read, the latter now deceased, to recover possession of the land described in the complaint, under allegations showing that such plaintiffs were tenants in common thereof, and that the defendant was wrongfully in possession thereof, and refused to surrender the same to them. After the case was begun, Elizabeth A. S. Read intermarried with one George W. Rockwell, and at her death left a last will, by the terms of which all of her estate, both real and personal, was devised and bequeathed to her husband. She died without issue. A contest arose respecting the validity of the will, and a trial of the issues therein has been twice had before a jury, resulting, in each instance, in a disagreement. It is obvious, therefore, that, if this will is ultimately sustained, the plaintiff can recover but an undivided half of the lands; while, if it is overthrown, he, as the only heir of his sister, would inherit her share, and thus be entitled to a recovery of the whole of the premises. As is shown by the learned counsel for the respondent in his brief, prior to the case of Hasbrouck v. Bunce, 62 N. Y. 475, no doubt could be entertained but that a case like this could have proceeded, as between the surviving plaintiff and the defendant, without any order of severance. The revisers, in preparing section 1500 of the Code of Civil Procedure, which permits one or more part owners to maintain ejectment, show that such section was introduced for the purpose of annulling the decision above cited, so that the law would be deemed restored as it previously was supposed to exist.[1] The codifiers, however, inserted sections 1522 and 1523, and those sections seem to confuse the rules of practice, and make the application of the several provisions of the Code doubtful and uncertain;[2] but, on the whole, we think the learned justice at special term has easily surmounted the difficulty presented by these several sections of the Code, by inserting a provision in the order, allowing the plaintiff to amend, or make a supplemental complaint, if he sees fit to do so, as a part of the order of severance. In this way alone, perhaps, the parties may safely proceed to a trial of the case. Therefore it follows that the order appealed from should be affirmed.

Order appealed from affirmed, with $10 costs and disbursements, but with leave to the plaintiff to serve a supplemental complaint within 30 days, on payment of the costs.

[1] Section 1500 provides that "where two or more persons are entitled to the possession of real property, as joint tenants or tenants in common, one or more of them may maintain an action to recover his or their undivided shares in the property in any cases where an action might be maintained by all."

[2] Section 1522 provides that "where, upon the death of a party, different persons succeed to the decedent's title to, or interest in, different distinct parcels of the property sought to be recovered, the court may, upon motion, and upon such terms as justice requires, direct that the action be divided into as many actions as are necessary; and that the successor to the title or interest of the decedent, to or in each distinct parcel, be substituted as plaintiff or defendant, as the case requires, in the action relating thereto." Section 1523 provides that "where the plaintiff seeks to recover damages for withholding the property, and, upon the death of a party, different persons succeed to the decedent's right to or liability for those damages, and to his title to or interest in the property, the court may, upon motion made upon notice to the persons to be affected, and upon such terms as justice requires, direct the action to be divided into two actions, one to recover the possession of the property, with the rents and profits thereof accruing after the decedent's death; the other to receive the damages accruing before his death; and that the successor in interest of the decedent, with respect to the cause of action in each action, be substituted as plaintiff or defendant therein, as the case requires."