Action to foreclose three mortgages. Order granting motion of defendant Mary M. Young for dismissal of complaint as against her on the ground that the cause of action as to said defendant did not accrue within the time limited by law for" the commencement of an action thereon, and the judgment entered accordingly, unanimously affirmed, with $10 costs and disbursements. Timely service was not effected upon respondent, and section 16 of the Civil Practice Act cannot be invoked on the ground that she is united in interest with her cotenant in common. In the cases cited by appellant an issue was necessarily posed with respect to the status of all defendants alike, as to a policy of life insurance (Prudential *785 Ins. Co. v. Stone, 270 N. Y. 154, 159) or the estate of a decedent (Croker v. Williamson, 208 N. Y. 480). The tenants in common here are conceded to be such and affirmative relief for foreclosure of their respective interests is sought. There is neither privity of title nor union and entirety of interest as between tenants in common who are united only in their right to possess the realty. (Malcolm v. Rogers, 5 Cow. 188, 192; Taylor v. Millard, 118 N. Y. 244, 249.) The interest of each tenant in common may be subject to payment of the whole debt secured by a mortgage and the mortgagee may proceed to foreclose the interest of one and not of another. (Frost V. Bevins, 3 Sandf. Ch. 188.) The holder of one such separate estate may have a defense, e.g., release or discharge of interest from the lien of the mortgage, not available to the other. The interests of such defendants, then, are not such that they stand or fall together and that judgment against one will similarly affect the other. Present — Hagarty, Acting P. .J., Carswell, Johnston, Nolan and Sneed, JJ. [189 Misc. 45.]