THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, Respondent, *v.* DOROTHY STONE, Individually and as Administratrix of the Estate of WILLIAM STONE, Deceased, Appellant.

(Argued January 28, 1936; decided March 3, 1936.)

*Irwin N. Wilpon* and *Burton B. Turkus* for appellant. The Statute of Limitations is a complete defense to this action which was not commenced within the contestable period and is barred by the incontestability provision contained in the policy. The service of process upon the beneficiary was not a commencement of the action against the insured since the revocable beneficiary was not united in interest with the insured. (*Killian* v. *Metropolitan Life Ins. Co.*, 251 N. Y. 44; *Jensen* v. *Metropolitan Life Ins. Co.*, 251 N. Y. 336; *Travelers Ins. Co.* v. *Snydecker*, 127 Misc. Rep. 66; *Hamilton* v. *Royal Ins. Co.*, 156 N. Y. 327; *New York Life Ins. Co.* v. *Dickler*, 135 Misc. Rep. 594; 229 App. Div. 775; *Metropolitan Life Ins. Co.* v. *Di Novi*, 139 Misc. Rep. 1; *Cohoes Bronze Co.* v. *Georgia Home Ins. Co.*, 243 App. Div. 224.) The types of interest which may be termed "united" under section 16 of the Civil Practice Act are joint interests only. (*Howell* v. *Dimock*, 15 App. Div. 102; *Natter* v. *Blanchard Co.*, 153

App. Div. 814; *Finch* v. *Wells*, 66 Misc. Rep. 384; *Mc Kenzie* v. *L'Amoureux*, 11 Barb. 516; *Fountain* v. *Carter*, 2 Dem. 313; *Jones* v. *Felch*, 3 Bosw. 63; *Van Horne* v. *France*, 32 Hun, 504; *Clark* v. *McClain Fire Brick Co.*, 100 Ohio St. 110; *Smith* v. *N. B. Society*, 123 N. Y. 85; *Dunn* v. *New Amsterdam Casualty Co.*, 141 App. Div. 478; *Jackson* v. *Tallmadge*, 246 N. Y. 133; *Germini* v. *N. Y. C. R. R. Co.*, 209 App. Div. 442.) The revocable beneficiary had no vested interest in the policy herein. The interest of the beneficiary was so unsubstantial as to amount in reality to no interest at all but a mere expectancy. The beneficiary was not, therefore, united in interest with the insured. (*Bradshaw* v. *Mutual Life Ins. Co.*, 187 N. Y. 347; *Smith* v. *N. B. Society*, 123 N. Y. 85; *Dunn* v. *New Amsterdam Casualty Co.*, 141 App. Div. 478; *McGowin* v. *Menken*, 223 N. Y. 509; *Barbour* v. *Equitable Life Assur. Soc.*, 174 App. Div. 759; 225 N. Y. 675; *Schoenholz* v. *New York Life Ins. Co.*, 234 N. Y. 24; *Travelers Ins. Co.* v. *Healey*, 25 App. Div. 53; 164 N. Y. 607; *Mutual Ben. Life Ins. Co.* v. *Clark*, 254 Pac. Rep. 306; *Sabin* v. *Phinney*, 134 N. Y. 423.) The revocable beneficiary is not a necessary party to the action. (*Illinois Bankers' Life Assn.* v. *Rhodes*, 147 Ark. 191; *Equitable Life Assur. Soc.* v. *Stough*, 45 Ind. App. 411; *Prichard* v. *Security Mut. Life Ins. Co.*, 140 App. Div. 879; *Ball* v. *N. Y. Life Ins. Co.*, 3 Tenn. App. 102; *San Diego Water Co.* v. *Flume Co.*, 41 Pac. Rep. 495; *Jackson* v. *Tallmadge*, 246 N. Y. 133; *Morgan* v. *Mut. Ben. Life Ins. Co.*, 119 App. Div. 645; 189 N. Y. 447; *Spalding* v. *Equitable Life Assur. Soc.*, 22 N. Y. Wkly. Dig. 18; *Roberts* v. *N. Y. Elev. Ry. Co.*, 155 N. Y. 31; *Higgins* v. *Exchange Nat. Bank*, 142 Misc. Rep. 69.)·

*Merwin F. Le Vine, Howard S. Levie* and *Solon Weit* for respondent. The insured and the revocable beneficiary are " otherwise united in interest " within the meaning of section 16 of the Civil Practice Act and this action was, therefore, commenced within the contestable

period. (*New York Life Ins. Co.* v. *Dickler*, 135 Misc. Rep. 594; 229 App. Div. 775; *Hamilton* v. *Royal Ins. Co.*, 156 N. Y. 328; *Metropolitan Life Ins. Co.* v. *Di Novi*, 139 Misc. Rep. 1; *Cohoes Bronze Co.* v. *Georgia Home Ins. Co.*, 243 App. Div. 224; *Penn* v. *Bahnson*, 89 Va. 253; *Barbin* v. *Moore*, 85 N. H. 362; *Wagner* v. *Thieriot*, 203 App. Div. 757; 236 N. Y. 588; *Maurice* v. *Travelers Ins. Co.*, 121 Misc. Rep. 427; *Grems* v. *Traver*, 87 Misc. Rep. 644; 164 App. Div. 968; *Matter of Pastore*, 155 Misc. Rep. 247.) To be otherwise " united in interest " within the meaning of section 16 of the Civil Practice Act, it is sufficient that the beneficiary have such an interest in the policy that an action which would result in a judgment of rescission and cancellation of the policy, would affect the interests of the insured and beneficiary in a similar manner, or, in other words, that such interests would stand or fall together. (*Croker* v. *Williamson*, 208 N. Y. 480; *Barbin* v. *Moore*, 85 N. H. 362; *Wagner* v. *Thieriot*, 203 App. Div. 757; 236 N. Y. 588; *Maurice* v. *Travelers Ins. Co.*, 121 Misc. Rep. 427; *Grems* v. *Traver*, 87 Misc. Rep. 644; 164 App. Div. 968; *Matter of Messinger*, 29 Fed. Rep. [2d] 158; 279 U. S. 855; *Mutual Life Ins. Co.* v. *Hurni*, 263 U. S. 167; *Equitable Life Assur. Soc.* v. *Patterson*, 1 Fed. Rep. 126.) Whether or not the revocable beneficiary is a necessary party in an action to rescind a life insurance policy is immaterial, although no complete determination could be reached in such equitable action without the presence of such beneficiary, and she would, accordingly, be a necessary party thereto. (*Equitable Life Assur. Soc.* v. *Patterson*, 1 Fed. Rep. 126; *Mahr* v. *Norwich Union Fire Ins. Soc.*, 127 N. Y. 452; *McKnight* v. *Bank of N. Y. & Trust Co.*, 254 N. Y. 417; *Bayer* v. *Bayer*, 215 App. Div. 454; *Metropolitan Life Ins. Co.* v. *Di Novi*, 139 Misc. Rep. 1.)

FINCH, J. This is an action to rescind a contract of life insurance on the ground of misrepresentation by the insured in the application for the policy.

On May 25, 1930, William Stone applied to the plaintiff for a policy of life insurance, naming his wife, Dorothy Stone, as beneficiary. The application was accepted and on June 13, 1930, a policy was issued. By the terms of the policy the insured reserved the right to change the beneficiary. The premiums on the policy were paid by William Stone.

The policy contained the following clause: " Incontestability. This Policy shall be incontestable after one year from its date of issue, except for non-payment of premium, but if the age of the insured be misstated the amount or amounts payable under this Policy shall be such as the premium would have purchased at the correct age."

On April 24, 1931, the plaintiff brought this action to rescind the policy, naming as defendants Dorothy Stone and William Stone. On that date service of the summons and complaint was made on Dorothy Stone. The plaintiff was unable to effect service upon the insured, William Stone, before his death, which occurred July 14, 1931. Thereafter letters· of administration were issued on the estate of William Stone to Dorothy Stone. The action was predicated upon certain misrepresentations contained in the application for the policy concerning the health of William Stone, his prior medical treatment, his hospitalization, and the rejection of his application by another insurance company. The trial court found and the appellants do not question that said misrepresentations were overwhelmingly established. The trial court further found that the action was commenced within the period of contestability. The Appellate Division unanimously affirmed the judgment of the trial court.

The chief problem is whether the Statute of Limitations bars the action. This depends on whether the plaintiff commenced the action within the year fixed by the aforesaid incontestability clause. This in turn depends upon the interpretation of the language of section 16 of the

Civil Practice Act, which governs the commencement of an action both as to contractual and statutory limitations.

Section 16 of the Civil Practice Act reads as follows: " § 16. When action deemed to be commenced. An action is commenced against a defendant, within the meaning of any provision of this act which limits the time for commencing an action, when the summons is served on him or on a co-defendant who is a joint contractor or otherwise united in interest with him."

The words of the section with which we are here particularly concerned are, " or on a co-defendant who is a joint contractor or otherwise united in interest with him." The language in this section must receive a liberal construction. (Civ. Prac. Act, §§ 2, 3.)

To be " united in interest " it is not necessary to be joint contractors or to have a joint interest. If the interest of the parties in the subject-matter is such that they stand or fall together and that judgment against one will similarly affect the other then they are " otherwise united in interest."

In *Croker* v. *Williamson* (208 N. Y. 480, 484) this court held that in an action brought to determine the validity of a will and its probate, all the legatees were united in interest. The court said: " Their interests [referring to the various legatees] under the will must stand or fall together, and it would seem to be pretty clear that they are, therefore, ' united.' " These words were used in construing section 398 of the Code of Civil Procedure which was in the language of the present section 16 of the Civil Practice Act.

In Wait's New York Practice (Vol. 1 [3d ed.], p. 88) it is said: " If a judgment * * * will substantially affect the other defendant in a similar manner service on one will be regarded as service on the other."

The derivation of section 16 of the Civil Practice Act supports the construction generally accorded to it. Section 16 of the Civil Practice Act is in the language of

section 398 of the Code of Civil Procedure. This latter section was taken from similar language contained in section 99 of the old Code of Procedure. This section 99 of the old Code of Procedure was substituted in 1851 for an earlier section 99 of the Code which had provided that an action was deemed commenced when process was " duly served upon the defendants, *or one of them.*"

We are thus brought to a consideration of the questions whether in a suit of this nature brought by an insurance company the plaintiff may successfully join the beneficiary as a party defendant and whether such beneficiary is " united in interest " with the insured.

In *Mutual Life Ins. Co.* v. *Hurni Packing Co.* (263 U. S. 167, 177) the Supreme Court, quoting with approval from *Monahan* v. *Metropolitan Life Ins. Co.* (283 Ill. 136, 141), said: " The beneficiary has an interest in the contract, and as between the insurer and the beneficiary all the rights and obligations of the parties are not determined as of the date of the death of the insured."

In a suit brought under the terms of an incontestability clause such as that in this policy where the suit must be begun within the year, the plaintiff may well urge that if it commenced suit against the insured as the sole party defendant and during such suit and after the expiration of the contestable period the insured died, the beneficiary might claim that the Statute of Limitations had run as against her. In other words, if the action was commenced against William Stone, only, and the contestable period had expired during the pendency of the action, how would the insurance company thereafter overcome the plea which Dorothy Stone unquestionably would have made, that any contest as against her was then barred by the running of the period of limitations imposed by the contract and which the courts have held runs in favor of the beneficiary as well as the insured? (*Mutual Life Ins. Co.* v. *Hurni Packing Co., supra.* See *Equitable Life Assur. Soc.* v. *Patterson,* 1 Fed. Rep. 126.)

The case at bar presents a situation where the interests of the defendants in preventing the plaintiff from obtaining the relief sought are so inseparably intertwined that the presumption is warranted that they will both be desirous of reaching the same result. The interests of the parties in the subject-matter of the action are such that they stand or fall together and judgment against one will similarly affect the other.

If we hold otherwise we reach this anomalous situation. Dorothy Stone, the beneficiary named in the policy and the only person who might have been entitled to make claim for the death benefits, was concededly served with process in an action brought against her and her husband to rescind the policy for false representations which were overwhelmingly established within the contestable period, yet she joins with herself as administratrix of the estate of her husband in a claim that she was not united in interest with her husband in the policy and that the action which seeks to abrogate the rights of both of them was not commenced within the contestable period. If such claim were successful, Dorothy Stone would be the only person to profit, despite the unquestioned findings against her on the merits and the fact that she was personally served within the contestable period.

It is clear, therefore, that both the insured and the beneficiary have a real, substantial and united interest in sustaining the validity of the policy, and a decree canceling the policy will substantially affect the insured and the beneficiary in a similar derogatory manner.

The judgment appealed from should be affirmed, with costs.

CRANE, Ch. J., LEHMAN, O'BRIEN, HUBBS, CROUCH and LOUGHRAN, JJ., concur.

Judgment affirmed.