ALICE S. STEVENS, as Administratrix with the Will Annexed of CHARLES G. BANKS, Deceased, Plaintiff, *v.* SARAH E. YOUNG et al., Defendants.

Supreme Court, Special Term, Westchester County, November 1, 1946.

*Morgan H. Seacord* for plaintiff.

*Fallon & Fallon* for Mary M. Young, defendant.

SCHMIDT, J. This is a motion in a mortgage foreclosure action to dismiss the complaint as to the defendant Mary M. Young on the ground that the summons and complaint were not served upon her until after the expiration of the time allowed by statute for instituting the action.

It is not denied that the service on her was made after the six-year Statute of Limitations had expired but the plaintiff contends that since timely service was made on the defendant Sarah Ellen Young, later service could legally be made on her codefendant. This is true if the parties are " united in interest ".

No cases involving mortgage foreclosures have been cited by the attorneys and none has been found by the court. *Prudential Ins. Co.* v. *Stone* (270 N. Y. 154) contains a consideration of the meaning of the phrase " united in interest ". Judge FINCH said (p. 159): " If the interest of the parties in the subject-matter is such that they stand or fall together and that judgment against one will similarly affect the other then they are ' otherwise united in interest.' "

Here a judgment of foreclosure and sale against Sarah Ellen Young will affect her three-fourths interest in the property but will nowise affect the one-fourth interest of Mary M. Young. They are therefore not united in interest and the motion of the defendant Mary M. Young is granted.

Submit order on two days' notice.