ELLEN GINAS et al., Plaintiffs, *v.* LOEW'S INC. et al., Defendants.

Supreme Court, Special Term, New York County, December 18, 1947.

*Robert Klonsky* for plaintiffs.

*Leopold Friedman* for defendants.

PECORA, J. Motion by defendant, 45th & Broadway Corporation, to dismiss the complaint under rule 107 of the Rules of

Civil Practice, on the ground that the alleged cause of action did not accrue within the time limited by law for the commencement of the action, is granted. The action is one to recover damages for personal injury allegedly sustained on September 3, 1944, due to the alleged negligence of defendant. On July 14, 1947, plaintiff commenced this action against the defendant Loew's Inc. On October 16, 1947, plaintiff obtained an order permitting amendment of the complaint so as to bring in movant as a defendant. Amended process was served on movant on November 7, 1947.

The action being one for personal injuries must be commenced within three years after the cause accrued. (Civ. Prac. Act, § 49, subd. 6.) As to movant, the action was commenced when service of the amended process was made upon it. (*Boyd* v. *United States Mortgage & Trust Co.*, 187 N. Y. 262; *Crossman* v. *Consolidated Edison Co. of N. Y.*, 48 N. Y. S. 2d 701.) This was more than three years after the cause of action accrued. The fact that Loew's Inc. owned a majority of the stock of movant corporation does not thereby make the defendants " united in interest " so as to invoke the provisions of section 16 of the Civil Practice Act, which provides that an action is deemed to be commenced against a defendant when process is served upon him or on a codefendant who is a joint contractor or " otherwise united in interest with him ". A subsidiary corporation is an entity independent and apart from its parent corporation and is not its alter ego. (*Berkey* v. *Third Avenue Railway Co.*, 244 N. Y. 84). In *Prudential Insurance Company of America* v. *Stone* (270 N. Y. 154, 159) the court said: " If the interest of the parties in the subject-matter is such that they stand or fall together and that judgment against one will similarly affect the other then they are ' otherwise united in interest.' " This criterion can hardly apply to a majority stockholder of a corporation and the corporation itself. Even joint tort-feasors have been held not " united in interest." (*Maguire* v. *Yellow Taxicab Corp.*, 253 App. Div. 249, affd. 278 N. Y. 576.) Section 16 of the Civil Practice Act is, therefore, inapplicable here.

Settle order.