RICHARD C. HATCH, Appellant, *v.* CHERRY-BURRELL CORPORATION, Respondent, et al., Defendants.

Fourth Department, July 8, 1948.

*G. Sydney Shane* for appellant.

*Philip O'Shea* for respondent.

VAUGHAN, J. This is an appeal by plaintiff from an order of the Cattaraugus County Special Term (WARD, J.), denying his motion to strike from the amended answer of the defendant, Cherry-Burrell Corporation, paragraphs Second, Third, Fourth,

Fifth and Sixth. The paragraphs moved against, in substance, allege that the plaintiff is divested of his alleged cause of action against it by operation of law and that said cause of action has been assigned to the Travelers Insurance Company, the insurance carrier covering plaintiff's employer, by virtue of section 29 of the Workmen's Compensation Law.

Plaintiff, while working in his father's creamery house, was injured by a gas explosion caused by the alleged carelessness and negligence of the defendant, Francis Mooney, an employee of the defendant, Cherry-Burrell Corporation, in the manner in which he attempted to adjust and repair a gas boiler located upon the premises where plaintiff was working. As a result of the explosion, plaintiff sustained injuries for which he seeks damages against the defendant, Francis Mooney, and his employer, the Cherry-Burrell Corporation.

The accident out of which this action arises occurred on July 2, 1946. Plaintiff commenced his third party action by the service of a summons and complaint on the defendant, Francis Mooney, on June 17, 1947. Named as a defendant in the summons and complaint in addition to the defendant Mooney, was his employer, the Cherry-Burrell Corporation. Service upon that defendant was not made until November 3, 1947, more than one year after the occurrence of the accident resulting in plaintiff's injuries.

Plaintiff's employer's compensation carrier, following receipt of notice of the accident, paid compensation covering the period from the date of the accident at the rate of $15.20 per week for a period of 10 5/7 weeks. These payments were made apparently as required by section 25 of the Workmen's Compensation Law without waiting for an award, but in anticipation of an award. No award of compensation has ever been made, action thereon having been adjourned by the Workmen's Compensation Board pending the outcome of this action.

Subdivision 1 of section 29 of the Workmen's Compensation Law, provides, in brief, that an injured employee "need not elect whether to take compensation" or pursue his common-law remedy against the negligent third party but if the injured employee "take or intend to take compensation * * * and desire to bring action against such other, such action must be commenced not later than six months after the awarding of compensation and *in any event before the expiration of one year from the date such action accrues.*" (Emphasis supplied.)

Subdivision 2 of the same section provides that if an injured employee "*has taken compensation*" but has failed to com-

mence action against the alleged negligent third party within the time limited therefor by subdivision 1, such failure shall operate as an assignment of the cause of action against such alleged negligent third party to the person, association, corporation or insurance carrier liable for the payment of such compensation. It has been held that the limitation placed upon the right of the injured employee to maintain a third party action is available to the third party as a defense to any action by the insured employee after the expiration of the period prescribed by section 29 on the theory that the injured employee is no longer the holder of the cause of action sued on (*Taylor* v. *New York Central R. R. Co.*, 294 N. Y. 397; *Calagna* v. *Sheppard-Pollak, Inc.*, 264 App. Div. 589; *Christison* v. *Wallace*, 265 App. Div. 937). Plaintiff takes the position that no '' award '' of compensation having been made, he has not '' taken compensation '' within the meaning of section 29 of the act and that the acceptance of payments made in anticipation of an award did not work an assignment of his cause of action against the negligent third party. I am not prepared to adopt the construction sought to be placed upon the language of section 29. It seems to me to be immaterial whether compensation has been paid and accepted pursuant to an award or otherwise insofar as the question before us for consideration is concerned. '' ' *Compensation* ' means the money allowance payable to an employee or to his dependents as provided for in this chapter, * * *.'' (Workmen's Compensation Law, § 2, subd. 6.) (Emphasis supplied.)

Section 25 of the same law provided in part: '' The *compensation* herein provided for shall be paid periodically and promptly in like manner as wages, and as it accrues, and directly to the person entitled thereto *without waiting for an award by the board,* except in those cases in which the right to compensation is controverted by the employer. * * * If the employer or insurance carrier does not controvert [which is this case] the injured workman's right to compensation such employer or insurance carrier shall, either on or before the eighteenth day after disability, or within eight days after the employer first has knowledge of the alleged accident, *begin paying compensation* and shall immediately notify the chairman * * * that the *payment of compensation* has begun, * * * Nothing herein shall limit the right of the board in a particular case to hold a hearing and make an award in accordance with other provisions of this chapter.'' (Emphasis supplied.)

That the plaintiff has '' taken compensation '' within the meaning of the act cannot, I feel, be seriously questioned. If I

am correct, it follows that plaintiff's right to commence a third party action must be exercised " before the expiration of one year from the date such action accrues " (Workmen's Compensation Law, § 29, subd. 1).

Plaintiff evidenced his intention to bring such action within the time limited therefor and obtained service of the summons and complaint upon the alleged negligent employee of the respondent herein which was also named as a party defendant in said action. Service, however, was not perfected upon the appellant herein until after one year from the date such action accrued. The question is: Did the failure of plaintiff to make service of the summons and complaint upon the respondent within the time limited therefor divest plaintiff of his common-law remedy against the alleged negligent respondent? We think not. The cause attempted to be asserted by plaintiff against respondent is a common-law action in negligence. The plaintiff under subdivision 1 of section 29 of the act, had a right to assert such a cause of action and at the same time take compensation. In the event, however, that plaintiff took compensation, his right to bring the action in his name was limited to one year from the date such action accrued. The cause of action, however, survives but if the injured employee fails to bring action thereon within the time limited, such failure operates as an assignment of the cause of action to his employer's insurance carrier.

Respondent insists that the claimed failure to commence the action against it within the time limited therefor divested plaintiff of his cause of action and vested it in his employer's insurance carrier, the Travelers Insurance Company. Appellant on the other hand urges that plaintiff did commence the action within the time limited therefor, his contention being that commencement of the action against the respondent's employee Mooney, by the service of a summons and complaint in which the respondent was named as a party defendant within one year after the accrual of the cause of action constitutes commencement of the action against both named defendants.

Plaintiff calls attention to section 16 of the Civil Practice Act which reads: " § 16. When action deemed to be commenced. An action is commenced against a defendant, within the meaning of any provision of *this act* which limits the time for commencing an action, when the summons is served on him or on a co-defendant who is a joint contractor or *otherwise united in interest with him.*" (Emphasis supplied.)

It is urged by plaintiff that the defendant Mooney and the respondent are " otherwise united in interest " and that service of the summons and complaint upon Mooney within the period limited therefor constituted commencement of the action upon the respondent. There seems little or no question that the relationship of the respondent and his employee Mooney is such that they are united in interest (see *Croker* v. *Williamson,* 208 N. Y. 480; *Prudential Ins. Co.* v. *Stone,* 270 N. Y. 154).

The respondent, however, takes the position that section 16 of the Civil Practice Act applies only to limitations of time for commencing actions recognized by the Civil Practice Act.

The contentions of the respective parties bring us to a consideration of the extent of the benefits afforded the plaintiff by section 16 of the Civil Practice Act in his attempt to bring his action under the Workmen's Compensation Law. Section 16 of the Civil Practice Act specifically refers to a defendant " within the meaning of any provision of this act which limits the time for commencing an action."

The action is not one created by the Workmen's Compensation Law, but a common-law action in negligence to recover damages. Such an action is recognized by subdivision 6 of section 49 of the Civil Practice Act which limits the time for the commencement of such an action to three years. Subdivision 2 of section 29 of the Workmen's Compensation Law, unlike section 49 of the Civil Practice Act, does not require that the injured employee commence his third party action within any specified time or, if not, its enforcement be forever barred, but provides that if not brought before the expiration of one year from the date such action accrues, such failure shall operate as an assignment of the cause of action against the third party. It is not a Statute of Limitations (*Grossman* v. *Consolidated Edison Co.,* 294 N. Y. 39). It does not destroy the cause of action for common-law negligence but transfers the ownership or right to enforce such cause of action from the injured employee who has taken or accepted compensation to his employer's compensation carrier. Having in mind the nature of the action sought to be enforced by plaintiff, I feel that the benefits afforded by section 16 of the Civil Practice Act are available to the plaintiff herein. The benefits afforded relate solely to the method of commencing an action and as far as I can see " there is no reason for holding that a plaintiff in such an action should not be entitled to the benefits of a general provision telling him how he may commence his action " (*Croker* v. *Williamson,* 208 N. Y. 480, 483 *supra*).

If no question of compensation were involved, there can be no doubt but that the action was commenced against the respondent under the provisions of section 16 of the Civil Practice Act, since the limitation provided is that contained in section 49 of that act. There is nothing in the Workmen's Compensation Law to prescribe any different method of commencing an action and there is no reason why an action so commenced as to avoid the Civil Practice Act limitation should not be deemed commenced for all purposes.

Even if section 29 of the Workmen's Compensation Law were a limitations statute, which it is not, nevertheless, there is a further reason for reaching the same conclusion.

The language of the section (Civ. Prac. Act, § 16) should be given a liberal construction (Civ. Prac. Act, §§ 2, 3). When, as in this case, the defendant-respondent has had notice from the time the summons and complaint were served upon its employee Mooney who appears by the same attorney as the defendant-respondent, that the plaintiff set up and is trying to enforce a claim against it because of specified conduct, and as appeared upon the argument plaintiff had actually made ineffectual service upon the appellant within the year, the reason for applying a strict construction to the language of section 16 of the Civil Practice Act does not exist. The courts have so held in refusing to limit the applicability of section 16 of the Civil Practice Act to statutes of limitations established by the Civil Practice Act.

In *Prudential Ins. Co.* v. *Stone* (270 N. Y. 154, *supra*) the court, in an action to rescind a contract of life insurance on the ground of misrepresentation by the insured in his application for the policy, held that service of the summons and complaint upon the beneficiary only where both the assured of the beneficiary were named as defendants before the time *fixed by the policy* for it to become incontestable, constituted commencement of the action against both. In reaching that determination, the court found that section 16 of the Civil Practice Act governed the commencement of an action both as to contractual and statutory limitations of time within which actions might be brought. The court in that instance went outside the limitations placed by the Civil Practice Act and made applicable to the plaintiff the benefits afforded by section 16 of the Civil Practice Act, to a contract limitation contained within the contract of insurance as required by paragraph (b) of subdivision 1 of section 155 of the Insurance Law, thereby affording to plaintiff the benefits of section 16 of the Civil Practice Act to both the contract and statutory limitation

not within the provisions of the Civil Practice Act. (See, also, *Arnold* v. *Mayal Realty Co., Inc.*, 274 App. Div. 1.)

*Commissioners of State Insurance Fund* v. *Farrand Optical Co.* (295 N. Y. 493) strongly relied upon by the respondent, is plainly distinguishable by the fact that the employee in that case never commenced an action against the owner of the building involved and never exhibited any intention of doing so before the insurance carrier commenced such an action so that the action which had been brought by the employee against a subcontractor was in no sense the commencement of an action against the owner of the building, the latter not being named as a party thereto. The defendants therein were joint and several tort feasors and there was not involved a case of vicarious liability as here. There a verdict against one would not require a similar verdict against the others. Here under the answer admitting the relationship Cherry-Burrell Corporation can be held liable, in the event, only that the defendant Mooney is held. If the defendant Mooney is absolved, that same verdict absolves the defendant Cherry-Burrell Corporation.

It follows that the order appealed from should be reversed on the law, with $10 costs, and disbursements and plaintiff's motion should be granted, with $10 costs.

All concur. Present — TAYLOR, P. J., McCURN, LOVE, VAUGHAN and KIMBALL, JJ.

Order reversed on the law, with $10 costs and disbursements and motion granted, with $10 costs. [See *post*, p. 869.]