OLGA MARCHETTI, Plaintiff, v. LOUIS LINN et al., Defendants.

Supreme Court, Special Term, Ulster County, January 6, 1950.

*Bernard A. Culloton* for Helen Keating, defendant.

*Napoletano, Kelly & Saccoman* for plaintiff.

*Harry Gold* for Louis Linn, defendant.

TAYLOR, J. The motion to dismiss the complaint as to the defendant Keating on the ground that the cause of action did not accrue within the time limited by law for the commencement thereof is granted. The action is to recover for personal injuries alleged to have been sustained by plaintiff on August 5, 1945, and for expenses incurred in connection therewith due to the alleged negligence of the defendants.

It is conceded that service of the summons on the defendant Keating was not timely. It is contended that since service on the defendant Linn was concededly timely, the action must be deemed to have been commenced against the movant because she is united in interest with him and that since she had actual notice of the plaintiff's claim, any reason for a strict construction of section 16 of the Civil Practice Act is thereby extinguished.

The complaint alleges that on the date on which the injuries were received, the plaintiff and the defendant Keating were infants and guests at the defendant Linn's home at which time and place the latter defendant's automobile was parked on his premises in reverse gear with the key in its ignition switch with his knowledge that the defendant Keating would or might attempt to operate the same although she had no license or ability so to do. Upon those allegations is the negligence of the defendant Linn predicated. There is no allegation in the complaint that the automobile of the defendant Linn was operated by the defendant Keating with his consent, authority or permission, in his business or as his agent although for reasons which are not apparent, it is alleged that the defendant Linn's wife, who is not a party to the action, at the time mentioned in the complaint was in fact to some extent so doing. The allegations of negligence on the part of the defendant Keating are that while the plaintiff was entering the automobile involved, that defendant negligently turned the key in the ignition switch thereby causing the automobile to start in reverse gear and to throw the plaintiff from it into the roadway.

The fair intendment of the allegations of the complaint which charge negligence against the defendant Linn is not that he

had granted permission or authority expressly or by implication to the defendant Keating to operate his automobile but that he had placed it in a position as to its gears and ignition that an unlicensed and incompetent infant would or might attempt to start it and successfully do so. The alleged negligence of the defendant Keating in the operation of the automobile is not relied upon to charge him with liability. The liability of these defendants under plaintiff's pleading can be both joint and several but neither is claimed to be responsible for the acts of the other in the operation of the vehicle. This is not a case of vicarious or derivative liability. (*Hatch* v. *Cherry-Burrell Corp.,* 274 App. Div. 234.) The defendant Linn alone could be determined to be liable without a like finding as to the defendant Keating. So, too, might she be liable without a concomitant finding of liability against her codefendant. Hence, there is not the unity of interest which the statute requires to bring the defendant Keating within its purview. The interest of the defendants in the subject matter is not such that they stand or fall together and that the judgment against one will similarly affect the other. *(Prudential Ins. Co.* v. *Stone,* 270 N. Y. 154; *Stevens* v. *Young,* 189 Misc. 45, affd. 272 App. Div. 784; *Ginas* v. *Loew's Inc.,* 190 Misc. 884.)

*Hatch* v. *Cherry-Burrell Corp.* (*supra*) relied on by plaintiff, is clearly distinguishable from the case at bar for the reason that in that case the parties were united in interest, their liability was vicarious and a verdict against one would have required a similar verdict against the other.

Submit order accordingly.