**TELESPHORE COUTURE, Plaintiff,**

v.

**Allen WATKINS and The Marhill Co., Inc., Defendants.**

**Civ. No. 17150.**

United States District Court
E. D. New York.

May 23, 1958.

728

Arthur C. Zale, New York City, for plaintiff.

Michels, Gangel & Walton, New York City, for defendant Watkins.

Robert E. Curran, New York City, for defendant Marhill.

ZAVATT, District Judge.

The defendant The Marhill Co., Inc. moves for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A., on the ground that its affirmative defense of the Statute of Limitations is a complete bar to the action insofar as it relates to it. This action purports to be brought in this court pursuant to § 1332(a) (2) of Title 28 U.S.C.A., based upon a claim which arose in the Province of Quebec, Canada. The amended complaint alleges that the plaintiff sustained personal injuries when he was struck by an automobile owned and operated by defendant Watkins and maintained by defendant Marhill. The moving defendant, by its amended answer to the amended complaint, sets up as an affirmative defense what is claimed to be the Statute of Limitations under the Civil Code of the Province of Quebec applicable to tort claims. In that amended answer this defendant alleges that the action as to it is barred by §§ 1040 and 2262 of the Civil Code of the Province of Quebec, but it does not plead even the substance of these alleged sections of the Civil Code in its answer. The moving affidavit of the attorney for the defendant Marhill purports to set forth only certain portions of § 2262 of the Civil Code of Quebec. Nor is the motion supported by a memorandum of law quoting the entire alleged applicable statute and one or more citations of decisional law, if there be any.

The plaintiff, on the other hand, has submitted the affidavit of an attorney associated with Arthur C. Zale, attorney for the plaintiff, which makes reference to another article of the Code of Civil Procedure of the Province of Quebec relating to joint and several debtors without setting forth a complete copy of that article of the Code or any citations of decisional law, if there be any, to support the plaintiff's contention that the sections of the Quebec Code relied upon by the moving defendant are not applicable.

Before considering the motion now before the Court, the attorneys for the plaintiff and the moving defendant are advised to take a close look at the plaintiff's pleadings. Plaintiff first instituted an action against the defendant Allen Watkins by complaint filed May 4, 1956. In that complaint there was no allegation as to the plaintiff's citizenship—there was no allegation to the effect that the plaintiff is a citizen or subject of the Dominion of Canada. Nor did the complaint contain a sufficient allegation as to the citizenship of the defendant Watkins. It alleged merely that the defendant Watkins resides in "Queens County". Thereafter, the plaintiff instituted a separate action against the defendant The Marhill Co., Inc., in which the plaintiff alleged that he is "a resident of Quebec, Canada". Thereafter, these two actions were consolidated by an order dated March 8, 1957, made pursuant to a motion by the plaintiff. Nowhere in the moving papers in support of this motion is it stated that the plaintiff is a citizen of Canada, or that the defendant Allen

Watkins is a citizen of the State of New York. By an order of this court dated January 17, 1958, the plaintiff was granted leave to serve an amended complaint upon both defendants in the consolidated action. In the amended complaint it is alleged that the plaintiff is a resident of Quebec, Canada, and that the defendant Watkins is a resident of "Queens County".

This court has jurisdiction over diversity cases between "Citizens of a state, and foreign states or citizens or subjects thereof;". In this case the jurisdiction of this court depends upon the alienage of the plaintiff, but the fact of the plaintiff's alienage does not appear affirmatively in the complaint. Stuart v. City of Easton, 156 U.S. 46, 15 S.Ct. 268, 39 L.Ed. 341; Rondot v. Township of Rogers, 6 Cir., 1897, 79 F. 676, certiorari denied 168 U.S. 709, 18 S.Ct. 945, 42 L. Ed. 1211. An allegation under 28 U.S. C.A. § 1332 that a plaintiff is a resident of a state or that a defendant is a resident of a state is not sufficient. "Residence" and "citizenship" are not the same thing for purposes of federal diversity jurisdiction. Mantin v. Broadcast Music, 9 Cir., 1957, 244 F.2d 204. An allegation that parties are residents of different states is an insufficient allegation of diversity of citizenship necessary for federal court jurisdiction. Brooks v. Yawkey, 1 Cir., 1953, 200 F.2d 663. It is clear, therefore, that the plaintiff does not allege claims under either of the two actions so consolidated that are cognizable by this court on the ground of diversity. 28 U.S.C.A. § 1332.

The general federal rule is that the law of a foreign country is a fact which must be proved. Walton v. Arabian American Oil Co., 2 Cir., 1956, 233 F.2d 541, 543, certiorari denied 352 U.S. 872, 77 S.Ct. 97, 1 L.Ed.2d 77. One who submits to the court foreign law which he claims is applicable should do more than merely allege conclusions or "short excerpts" from the allegedly pertinent statute. He should set out the substance of the alleged foreign law to such an extent that the court may judge whether it has the effect that he ascribes to it. Coronet Phosphate Co. v. United States Shipping Co., D.C.S.D.N.Y.1917, 260 F. 846, 847. The foreign law should be pleaded, and the pleader should give not only the substance of that law but also appropriate citations of the applicable statutes and one or more citations of decisional law, if there be any. Bernstein v. N. V. Nederlandsche-Amerikaansche, Stoomvaart-Maalschappij, D.C.S.D. N.Y.1951, 11 F.R.D. 48, 49: In this case the defendant Marhill has the burden of showing to the satisfaction of the Court what the law of the Province of Quebec is. Walton v. Arabian American Oil Co., supra. The description of the alleged Civil Code of the Province of Quebec, as set forth in the moving affidavit, does not provide a sufficient basis for this Court to apply the statute to the facts in this case. Federal Insurance Co. v. American Export Lines, Inc., D.C.S.D. N.Y.1953, 113 F.Supp. 540, 543. The Court is aware of § 344–a of the New York Civil Practice Act which authorizes a trial court in its discretion to take judicial notice of a law, statute or ordinance of a foreign country even though it is not pleaded (§ 344–a, subd. D, New York Civil Practice Act). This section of the New York State Civil Practice Act, however, does not control federal pleading and the rules of this court under which foreign law must be pleaded and proven. Empresa Agricola Chicama Ltda. v. Amtorg Trading Corp., D.C.S.D. N.Y.1944, 57 F.Supp. 649, 650; 43(a) Federal Rules of Civil Procedure, Title 28 U.S.C.A. Although this court has the power to take judicial notice of a foreign statute it does not have the facilities with which to do so. Only recently has this court begun to establish and maintain a central law library. Unfortunately, due to causes beyond the control of the court, this library does not contain, nor will it contain for some time to come, the statutes of the several states of the Union, much less the statutes of any foreign country. This court does not feel that it is incumbent upon the court to resort to well-equipped libraries in

the neighboring judicial district of this circuit or libraries of state courts in order to ascertain and determine what is the applicable law of the Province of Quebec. This is a duty which should be performed by the attorneys for the respective parties in this case. The court suggests that the attorneys for the respective parties examine § 391 of the New York Civil Practice Act, which provides in substance that a printed copy of a statute of a foreign country is presumptive evidence of that statute. Since the applicable statutes of the Province of Quebec have not been sufficiently established to the satisfaction of this court it declines to take judicial notice of what those statutes may be and, therefore, will deny the motion of the defendant Marhill for summary judgment.

Nevertheless, counsel should be advised as to the applicable law once it is established to the satisfaction of the court what is the statute of limitations of the Civil Code of the Province of Quebec. Since this purports to be a diversity case it is not governed by any federal statute of limitations but, rather, by § 13 of the New York State Civil Practice Act which borrows the statute of limitations of the foreign state or country where a non-resident plaintiff sues in New York State. If this plaintiff is a citizen or subject of Canada and the complaint is further amended to so allege, the statutory period of limitations, as set forth in the Civil Code of the Province of Quebec, will govern this case because of the applicable provisions of § 13 of the New York State Civil Practice Act. If the statute of limitations of the Province of Quebec is one year the plaintiff may not sue a citizen of this state, either in a state court or in this court, after that period of one year has expired. Rutkin v. Reinfeld, 2 Cir., 1956, 229 F. 2d 248, 251, certiorari denied 352 U.S. 844, 77 S.Ct. 50, 1 L.Ed.2d 60; Bertha Building Corp. v. National Theatres Corp., D.C.E.D.N.Y.1956, 140 F.Supp. 909, reversed on other grounds 2 Cir., 1957, 248 F.2d 833; Janes v. Sackman Bros. Co., 2 Cir., 1949, 177 F.2d 928, 931;

Rieser v. Baltimore & O. R. Co., D.C. S.D.N.Y.1954, 123 F.Supp. 44, 48, affirmed 2 Cir., 1955, 228 F.2d 563.

It is conceded that the plaintiff instituted his action against the defendant Allen Watkins within one year of the date of the accident. Plaintiff contends that, therefore, the statute of limitations is tolled as to the defendant The Marhill Co., Inc., and cites in support of his contention § 16 of the New York State Civil Practice Act, which provides in substance that an action is commenced against a defendant when the summons is served on him or a co-defendant who is a joint contractor or otherwise united in interest with the defendant who has been served. The plaintiff also makes a reference, in a moving affidavit, to Article 2231 of the Code of Civil Procedure of the Province of Quebec. But the reference would seem to suggest that this Article 2231 (which is somewhat comparable to § 16 of the New York Civil Practice Act) applies only to joint and several debtors. In the instant case the action against the defendant Watkins was instituted within one year, but the action against The Marhill Co., Inc., (a separate action) was instituted after the one year had expired. The order consolidating these two separate actions was not made until long after one year following the date of the accident. Within this one year period, therefore, Watkins and The Marhill Co., Inc. were not co-defendants. Therefore, service upon Watkins within the one year period in the separate action against him did not toll the applicable statute of limitations as to The Marhill Co., Inc. within the meaning of § 16 of the New York State Civil Practice Act. In all the cases which the court has found in which it has been held that service upon one defendant tolled the statute as to a co-defendant "who is a joint contractor or otherwise united in interest with him", that person has been named as a co-defendant in the action (which is not the situation in the instant case). Prudential Ins. Co. of America v. Stone, 270 N.Y. 154, 200 N.E. 679; Hatch v. Cherry-Burrell Corp., 4th

**732**

Dept. 1948, 274 App.Div. 234, 82 N.Y.S. 2d 322; Plumitallo v. 1407 Broadway Realty Corp., 2nd Dept. 1952, 279 App. Div. 1019, 111 N.Y.S.2d 720.

The defendant's motion for summary judgment is denied without prejudice to renew such motion upon proper proof of the alleged applicable provisions of the Civil Code of the Province of Quebec. The court hereby grants to the plaintiff leave to serve an amended complaint which will comply with 28 U.S.C.A. § 1332(a) (2), if the facts so warrant, which said amended complaint shall be served upon both of the defendants within twenty days of the service of a copy of the order to be entered hereon.