ARMED SERVICES BOARD OF CONTRACT APPEALS

Appeals of -                                )
                                           )
Sungwoo E&C Co., Ltd.                      )    ASBCA Nos. 61144, 61219, 62738
                                           )
Under Contract No. W91QVN-14-D-0034 *et al.*   )

APPEARANCE FOR THE APPELLANT:          Yong Eui Song, Esq.
                                         Chung Jin Law Office
                                         Seoul, Korea

APPEARANCES FOR THE GOVERNMENT:        Scott N. Flesch, Esq.
                                         Army Chief Trial Attorney
                                       Dana J. Chase, Esq.
                                         Trial Attorney

OPINION BY ADMINISTRATIVE JUDGE MCNULTY

Before us are several government motions to dismiss for lack of jurisdiction. The government argues we lack jurisdiction due to the lack of proper Contract Disputes Act (CDA) certifications for appellant, Sungwoo E & C Co., Ltd.'s (Sungwoo's) claims. The government also argues that Sungwoo has no authority to pursue the appeals because it is in receivership in Korea. We grant the motion relating to ASBCA No. 62738 and deny the motions relating to ASBCA Nos. 61144 and 61219.

STATEMENT OF FACTS (SOF) FOR PURPOSES OF THE MOTION

1. The appeals arise under several MATOC (Multiple Award Task Order Contract) contracts for construction services provided in the Republic of Korea. (61144, R4, tab 1; 61219, R4, tabs 13-17)[1].

2. Appellant asserts its Contractor Performance Assessment Report (CPAR) ratings for three task orders and the base year for one of the contracts were improper in ASBCA No. 61144 (61144 R4, tab 29).

_____

[1] The scope of the appeals was narrowed in the wake of the government motions discussed in the Board's opinion in *Sungwoo E&C Co., Ltd.*, ASBCA Nos. 61144, 61219, 19-1 BCA ¶ 37,449. Familiarity with that decision is presumed.

3. Appellant initially sought 2,050,656,763 Won[2] under several different theories in ASBCA No. 61219 (61219 R4, tab 27). This amount has been reduced to 669,536,295 Won by the Board's decision in *Sungwoo E&C Co., Ltd.*, ASBCA Nos. 61144, 61219, 19-1 BCA ¶ 37,449.

4. The claim concerning the CPAR ratings included the following certification language:

> We certify that the claim is made in good faith; that the supporting data are accurate and complete to the best of our knowledge and belief; and that we are duly authorized to certify the claim on behalf of the contractor, Sungwoo E&C.

(61144 R4, tab 29 at 2). The claim, dated December 18, 2016, was submitted on the letterhead of the Chung Jin law office and signed by Mr. Song, Yong Eui, appellant's attorney. The claim did not include a demand for monetary damages (*Id*).

5. The claim seeking monetary damages included the following certification language:

> We certify that the claim is made in good faith; that the supporting data are accurate and complete to the best of our knowledge and belief; that the amount requested accurately reflects the contract adjustment for which the contractor believes the Government is liable; and that we are duly authorized to certify the claim on behalf of the contractor, Sungwoo.

It too was submitted on the letterhead of the Chung Jin law office and was signed by Mr. Song under date of December 17, 2016. (61219 R4, tab 27 at 00203)

6. The government's first motion to dismiss for lack of jurisdiction was filed May 27, 2020. The government asserted there was no evidence Mr. Song had any authority to bind appellant and therefore the certifications (for both the monetary and the CPARS claim) were defective, appellant should be directed to show Mr. Song had authority when he certified the claims, or correct the defects, or if the defects could not

---

[2] The Won is the currency of Korea. At the time of this opinion, the conversion rate is approximately 1,200 Won per U.S. Dollar. The amount of the claim (even as reduced by our earlier decision) was plainly well over the $100,000 threshold for certification under the CDA.

be corrected that the monetary appeal should be dismissed. (Gov't br. dtd. May 27, 2020 at 17)[3].

7. After a conference call conducted July 24, 2020, it was agreed to defer ruling on the motion as it appeared that, to the extent the certifications may be defective, appellant should be able to remedy the defect (Bd. corr. ltr. dtd. July 24, 2020, ASBCA No. 61144).

8. In response to the arguments raised by the government in its motion, appellant submitted a new monetary claim on September 22, 2020, which included a certification (identical to the certification in the previous monetary claim) signed by Mr. Charlie H. Yang. (Gov't br. dtd. December 16, 2020, Ex. G-1 at 79)

9. Under date of November 13, 2020, the contracting officer responded to the new claim, questioning the authority of Mr. Yang, a former employee of appellant, to bind appellant (*id*. at Ex. G-2).

10. Appellant then submitted a power of attorney dated November 13, 2020, signed by Mr. Kim, Hak Su, President/Representative Director, Sungwoo E&C Co., Ltd, which retroactively expressly authorized Mr. Yang to sign and certify the claim (*id*. at Ex. G-3).

11. The contracting officer continued to question the authority of Mr. Yang to certify the claim, asserting he lacked authority to do so at the time he made the certification (*id*. at Ex. G-2).

12. Appellant filed an appeal on November 24, 2020, which was assigned appeal number ASBCA No. 62738. In the Notice of Appeal, appellant noted that more than 60 days had elapsed since the filing of its claim on September 22, 2020, with no final decision from the contracting officer. (App. corr. dtd. November 24, 2020; Notice of Docketing dtd. November 27, 2020, ASBCA No. 62378) Appellant also submitted a second claim certified by Mr. Yang under date of November 18, 2020. (Gov't br. dtd. December 16, 2020, Ex. G-4) All of the monetary claims underlying the appeals are essentially identical except for the certifications, originally by Mr. Song, then by Mr. Yang before the power of attorney was issued by appellant and finally again by Mr. Song, after the power of attorney was issued. The damages sought also differ as a result of the Board's ruling in *Sungwoo E&C Co., Ltd*., 19 - 1 BCA ¶ 37,449, which partially dismissed appellant's claims.

---

[3] There are multiple motions and multiple briefs under consideration. To minimize confusion, the date of the brief is included in the citation.

13.  This second claim certified by Mr. Yang prompted a government motion to dismiss ASBCA No. 62738 in which the government argues we lack jurisdiction due to the certification provided by Mr. Yang being defective because he lacked authority to bind appellant at the time the certification was made.  (Gov't br. dtd. December 16, 2020 at 7-8).  Conflating the two claims certified by Mr. Yang, the second of which has never been made subject of an appeal, the government also argues we lack jurisdiction to consider this second claim because it is premature as the contracting officer had not issued a final decision, which was not due until a month after the government filed its motion to dismiss ASBCA No. 62738 (*id*. at 10).

14.  In March 2021, in a telephone call with government personnel and later confirmed in a letter to the contracting officer, Mr. Yang revoked his certifications and sought to withdraw from being deposed.  This prompted another government motion to dismiss all three appeals.  (Gov't br. dtd. April 5, 2020 at 8; Ex. G-1).

15.  Before the April 2021 motion was fully briefed a conference call was conducted during which the pending motions were discussed and appellant advised it would be able to remedy the defective certification.  During the call, the government advised that it had discovered that appellant was in receivership in Korea, suggesting that an additional jurisdictional issue might be present. (Bd. corr. dtd. June 10, 2021).

16.  On June 17, 2021, appellant's attorney submitted appellant's power of attorney dated June 14, 2021, signed by Mr. Kim, Hak Su, President/Resident Director of Sungwoo E&C Co., Ltd.  The power of attorney, in pertinent part, provides:

> On behalf of the company, the undersigned hereby authorizes and empowers Mr. Song Yong Eui. . . to engage in acts listed below on behalf of Sungwoo E&C Co., Ltd. ("Company").
>
> 1.  Represent the Company on all matters related to Contract Nos. W91QVN-14-D-0034, W91QVN-12-D-0110, W91QVN-12-D-0114, W91QVN-12-D-0119, W91QVN-12-D-0130, W91QVN-12-D-0132, W91QVN-12-D-0143 and W91QVN-13-D-0064 and Solicitation No. W91QVN-16-R-0008 and Solicitation No. W91QVN-16-R-0091 and any other contracts and solicitations the Company were involved with the USFK.
>
> 2.  Execute any and all certificates of claims required and necessary for representation of the

4

> Company related to all matters described in paragraph 1 above.
>
> 3. The undersigned *retroactively approves all the actions taken related to matters described in paragraphs 1 and 2 above including the previous execution of the certificates of claims by Mr. Song Yong Eui.*

(App. corr. dtd. June 17, 2021 at 1)(address omitted, emphasis added)

17. With the power of attorney appellant also submitted another certification of the monetary claim signed by Mr. Song. This certification stated:

> The undersigned has been representing Sungwoo E&C Co., Ltd. ("Company") on all matters related to Contract Nos. W91QVN-14-D-0034, W91QVN-12-D-0110, W91QVN-12-D-0114, W91QVN-12-D-0119, W91QVN-12-D-0130, W91QVN-12-D-0132, W91QVN-12-D-0143, and W91QVN-13-D-0064, Solicitation No. W91QVN-16-R-0008 and Solicitation No. W91QVN-16-R-0091 and any other contracts and solicitations the Company were involved related to or arising out of Contract No. W91QVN-14-D-0034. Accordingly, I am familiar with the facts related to the monetary claim for which I am making the certificate of claims.
>
> I certify that the claim is made in good faith; that the supporting data are accurate and complete to the best of my knowledge and belief; that the amount requested accurately reflects the contract adjustment for which the Company believes the government is liable; and that I am duly authorized to certify the claim on behalf of the Company.

(*Id.*)

18. The government "renewed" its motion to dismiss all three appeals for lack of jurisdiction on September 21, 2021. In its renewal the government has added a new argument, that appellant has no authority to prosecute the appeals because it is in receivership in Korea. (Gov't br. dtd. September 21, 2021 at 26-29).

5

<u>DECISION</u>

*Standard of Review for a Motion to Dismiss*

Sungwoo, as the party invoking the Board's jurisdiction, bears the burden of establishing it. *Tetra Tech EC*, *Inc*., ASBCA Nos. 62449, 62450, 21-1 BCA ¶ 37,900 at 184,054 citing, *Gen. Mills*, *Inc. v. United States*, 957 F.3d 1275, 1284 (Fed. Cir. 2020). We accept as true all undisputed facts in the complaint and draw all reasonable inferences in favor of the non-moving party. *Id*, citing *Estes Exp. Lines. v. United States*, 739 F.3d 689, 692 (Fed. Cir. 2014). We may also "look beyond the pleadings and 'inquire into jurisdictional facts' to determine whether jurisdiction exists." *Id*., citing *Env't Safety Consultants, Inc.*, ASBCA No. 54615, 071 BCA ¶ 33,483 at 165,979). The facts supporting jurisdiction are subject to fact-finding by the Board based on our review of the record, including undisputed evidence in the documents included by the parties in their filings and the Rule 4 file. *CCIE & Co.*, ASBCA Nos. 58355, 59008, 14-1 BCA ¶ 35,700 at 174,816 (citing *Raytheon Missile Sys.*, ASBCA 58011, 13 BCA ¶ 35,241 at 173,016). Virtually all of the jurisdictional facts involved here are outside the pleadings, found in the parties' filings.

*Introduction*

The CDA, 41 U.S.C. §7101-7109, requires the certification of claims "of more than $100,000" *id.* at § 7103(b). This certification is required to be "executed by an individual authorized to bind the contractor with respect to the claim" and must state that:

> (A) the claim is made in good faith;
> (B) the supporting data are accurate and complete to the best of the contractor's knowledge and belief;
> (C) the amount requested accurately reflects the contract adjustment for which the contractor believes the Federal Government is liable; and
> (D) the certifier is authorized to certify the claim on behalf of the contractor.

*Id*.

A defective certification does not deprive the Board of jurisdiction if the defect is corrected prior to the Board's final decision (7103(b)(3); See also *DAI Global, LLC v.*

*Admin. of the United States Agency for Int'l Dev.*, 945 F.3d 1196 (Fed. Cir. 2019) at 1198.[4]

### *The Claim Relating To The CPAR Ratings Does Not Require Certification*

The claim that is the subject of ASBCA No. 61144 questions the correctness of the government's CPAR ratings (SOF ¶ 2). No monetary amount is sought in this claim. As the CDA only requires certification of claims in the amount of $100,000 or more, no certification is required of this claim. Accordingly, whether the certification made by appellant is adequate is of no consequence and we need not address this. As no certification was required the government's motion is denied.

### *ASBCA No. 61219*

The government argues that Mr. Song does not have authority to bind appellant because he is a lawyer and the record is devoid of any evidence that he was given authority by appellant. In this regard the government argues:

> At the time Mr. Song filed the claims, it appears that he did not have authority to bind the contractor, Sungwoo E&C Co., Ltd., to the claims because Mr. Song signed the certifications as a foreign legal consultant. In Mr. Song's capacity as a foreign legal consultant, Mr. Song's authority would be limited to providing recommendations and advice to Sungwoo. Moreover, there is nothing in the record demonstrating the Mr. Song is a duly authorized corporate officer of the appellant or was given authority to act on behalf of the appellant. Because Mr. Song could have only acted as a consultant for Sungwoo, the claim

---

[4] While the Contracts Disputes Act of 1978 and its requirement for certification of claims over a certain threshold was intended to promote fairness and efficiency in resolving disputes, see *After Arbaugh: Neither Claim Submission, Certification, Nor Timely Appeal Are Jurisdictional Prerequisites To Contract Disputes Act Litigation*, Nathaniel E. Castellano, 47 PUB. CONT. L.J. 35 (2017) at 37, it spawned a large amount of litigation, see Ralph C. Nash & John Cibinic, *The Contract Disputes Act: A Prescription for Wheelspinning*, 4 NASH & CIBINIC REP. ¶ 29 (1990) and, although the CDA, including the certification requirement, was amended in 1992, see Federal Courts Administration Act of 1992, Pub. L. No. 102-572, as demonstrated in this case, the certification requirement remains a trap for the unwary.

certifications signed by Mr. Song in his capacity as a
foreign legal consultant are defective.

(Gov't br. dtd. May 28, 2020 at 4-5)

This is demonstrably wrong in the first instance because Mr. Song provided a certification for the claim on June 17, 2021, at the same time he submitted the power of attorney executed by Mr. Kim on June 14, 2021, granting him authority to do so. Hence, regardless of whatever authority Mr. Song may or may not have had in 2016, or whether the 2021 power of attorney was an effective ratification of the earlier certification, on June 17, 2021, Mr. Song had the authority to certify the claim and he did just that.

To the extent that the government argues that Mr. Song, as an attorney and not a direct employee of Sungwoo, cannot be granted the authority to certify a claim, it is also mistaken. The government cites no authority for the propositions that a lawyer cannot certify claims on behalf of its client and that the record must include evidence of the authority to bind the claimant. The CDA permits anyone authorized to bind the contractor to provide the certification. 41 U.S.C.§ 7103(b)(2). In fact, we have previously recognized a certification made by a lawyer over the government's unsupported assertion that the lawyer lacked authority to bind the contractor. *Appeal of Home Ent't., Inc.*, ASBCA No. 50791, 98-1 BCA ¶ 29,641 at 146,877.[5] Moreover, there is no requirement that the person providing the certification be an employee of the contractor or have any involvement with the administration or performance of the contract as the government's argument suggests. (SOF ¶¶ 5-6, 8-14, 16-18)

The government also challenges Mr. Song's certification on the basis that Mr. Song lacks the requisite knowledge to certify the claim. The government argues the certification must be provided by someone with an " . . . appropriate knowledge of the alleged government liability . . . " citing 41 U.S.C. §7103(b)(1) and Federal Aquisition Regulation (FAR) 33.207(c). (Gov't br. dtd. May 27, 2020 at 5-6; Gov't br. dtd. November 2, 2021 at 7-8)). FAR 33.207(c) repeats 41 U.S.C. §7103(b)(1), which is set forth above. This section with respect to knowledge merely requires that the certification include a statement that the supporting data are accurate and complete to the best of the knowledge and belief of the contractor and that the amount requested

---

[5] *Home Ent't., Inc.* (*HEI*) involved a pre Federal Courts Administration Act of 1992 contract with a non-appropriated funds Disputes clause, which permitted certification by anyone duly authorized to bind the contractor. As in this appeal the government in *HEI* offered no proof of its assertion the certifier lacked authority to bind the contractor. Unlike this appeal, *HEI* never offered additional evidence beyond the self-certification of the certifier that he was duly authorized to bind the contractor.

accurately reflects the contract adjustment for which the contractor believes the government is liable. There is no requirement included in this language that the certifying individual have sufficient personal knowledge of the details of the claim itself to respond to the government's discovery requests as the government argues. The government has not established that Mr. Song does not have or could not possibly have belief regarding whether the supporting data are accurate and complete to the best of appellant's knowledge. Nor has it established that Mr. Song does not know or could not possibly know whether the amount sought accurately reflects the amount the contractor believes the government is liable for.

We have no basis to question Mr. Song's ability to certify the claim as he did on June 17, 2021. Inasmuch as that certification would remedy any defect in the certification earlier submitted and it was provided prior to our entering judgment in this appeal, we find that the claim is properly certified. *See* 41 U.S.C. 7103(b)(3).

### *ASBCA No. 62738*

This appeal is the one that was certified by Mr. Yang, whose authority to certify was challenged by the government and who ultimately "revoked" his certification rather than subjecting himself to deposition in this matter. Functionally, this appeal is based on a claim that was identical to the one submitted in ASBCA No. 61219 and we believe that the only reason that it was submitted was in a slightly clumsy effort to remedy certification problems with Sungwoo's first claim. That first claim, we have held above, is now properly certified and before us. Thus, we need not address the potentially thorny issue of the effect of Mr. Yang's attempt to withdraw his certification because we dismiss this appeal as being of a duplicative claim. *See, e.g. Minesen Co.*, ASBCA No 56346, 10-2 BCA ¶ 34,510 at 170,175.

### *The Receivership Issue*

The government also argues appellant lacks the authority to prosecute the appeals because it is in receivership in Korea. (Gov't br. dtd. September 21, 2021 at 19, 26-29). In response appellant asserts it came out of receivership in September 2021 and supports the assertion with a copy of the Korean court's order, dated September 27, 2021, discontinuing the receivership. Appellant also provides a translation of the order, which the government has not objected to[6]. (App. resp. br. dtd. October 3, 2021 at 2, 5-7) In its reply brief the government argues appellant has

---

[6] Courts interpreting FED. R. CIV. P. 44.1 have found it is within their discretion to rely upon unofficial translations of foreign law proffered by a party, particularly when the opposing party does not object to the translation. *See, e.g.*, *Densys Ltd. v. 3Shape Trios A/S*, 336 F.R.D. 126, 131-132 (W.D. Tex. 2020) citing *Forzley v. AVCO Corp. Elecs. Div.*, 826 F.2d 974 (11th Cir. 1987).

not established it was authorized by the Korean court to ratify the certification when it did so in June 2021 while still in receivership.  (Gov't reply br. dtd. November 2, 2021 at 10-11)  We find appellant has established the receivership has ended, which moots the government's argument that appellant has no authority to prosecute the appeal because it is in receivership.  Furthermore, even if the receivership was still pending we would find in appellant's favor because the government failed to produce any evidence to support its argument.

The government speculates appellant lacks authority to prosecute the appeals based upon what it asserts is the language of the Korean Debtor Rehabilitation and Bankruptcy Act[7].  In determining questions of foreign law, we follow Board Rule 6(c) which is modelled on Federal Rule of Civil Procedure (FED. R. CIV. P.) 44.1.  *Edward Hayes, as Liquidator of Base Operation Services GMBH*, ASBCA Nos. 59829, 59907, 17-1 BCA ¶ 36,677 at 178,596 citing *Gesellschaft fuer Fertigungstechnik u. Maschinenbau AG (GFM)*, ASBCA No. 24816, 81-1 BCA ¶ 14,924 at 73,847.  Determinations of foreign law are treated as questions of law.  It is within our discretion to consider any relevant material or source. (*Id*.)  Typically, courts rely on testimony of experts and foreign decisional law to determine what foreign law is and how it may affect the issue before it.  In the *Hayes* appeal the movant proffered expert testimony.  We have no such evidence here and decline to exercise our discretion to research the law ourselves because, as discussed below, based upon what the government has argued, we have enough to make a decision.  *See Telesphore Couture v. Watkins*, 162 F. Supp. 727 (E.D.N.Y. 1958) for an example of a court declining to engage in researching a question of foreign law where the movant had failed to offer the testimony of experts or any applicable case law[8].

---

[7] The government provided a complete copy of the Korean law in English.  (Gov't br. dtd. September 21, 2021, Ex. G-24).  Appellant has not objected to the translation, which we accept.  *See* n.6, *supra*.  However, the government has not provided any affidavits from someone with expertise in how the law is interpreted and treated by the Korean courts, or cited to any Korean decisional law that would assist the Board in determining whether the government's arguments are correct.  The government also submitted an article discussing the Korean Act, but this article does not include any discussion that supports the government argument. (Gov't br. dtd. September 21, 2021, Ex. G-32).

[8] *Telesphore* predates the 1966 revision to the FED. R. CIV. P. which changed determinations of foreign law from questions of fact to questions of law.  This revision did not lead to a requirement that courts engage in independent research of what foreign law is.  *See Twohy v. First Nat. Bank of Chicago*, 758 F.2d 1185, 1193 (7th Cir. 1985) for a discussion of the 1966 revision and independent research of foreign law by courts.

The government asserts Article 61 of the Korean Act " . . . provides that the custodian may be required to seek permission of the Bankruptcy Court before 'filing a lawsuit; making a compromise or concluding any arbitration agreement; relinquishing any rights; and . . . other acts designated by the court.'" (Gov't br. dtd. September 21, 2021 at 17-18). None of the language cited by the government appears to be applicable to the circumstances of the appeals. Appellant commenced this litigation in 2016. There is no proof offered by the government that appellant was in receivership in 2016 or acting without approval of the Korean court or even that approval would be necessary to prosecute the appeals. The language the government relies on states that approval *may be* required. Specifically, the government argues appellant was required to seek the permission of the Korean court to issue the power attorney by which appellant expressly ratified the certifications made by Mr. Song in 2016 and permitted him to issue the new certification on June 17, 2021, but there is no language to support this argument unless it might be included in the phrase "other acts designated by the court," but the government has provided no evidence that the Korean court would require this. Even if the receivership issue was not moot, the government has failed to establish the Korean Act would prevent appellant's ratification of the certifications or grant of permission to issue a new certification.

## CONCLUSION

Mr. Song's certification evidenced by a power of attorney executed by appellant's President/Resident Director unequivocally establishes that appellant's attorney, Mr. Song has the requisite authority to bind appellant. The language used in the certification complies with the requirements of 41 U.S.C. § 7103(b)(1). Accordingly, we find his certification of the original monetary claim in June 2021 is valid and that we have jurisdiction with respect to ASBCA No. 61219. ASBCA No. 61144, challenging the proprietary of the government's CPAR ratings, does not involve a claim for money and requires no certification under the CDA. Accordingly, we have jurisdiction of ASBCA No. 61144 too. Because we have jurisdiction over ASBCA No. 61219, the claim in ASBCA 62738 is duplicative and is dismissed on that ground. Appellant has established it is no longer in receivership, and the government failed to prove that appellant was without authority to ratify the claim certification made by Mr. Song in 2016. Accordingly, we permit ASBCA Nos. 61144 and 61219

11

to go forward. The government's motions are partially denied and partially granted, as set forth above. The government's request for an evidentiary hearing is denied.

Dated: April 27, 2022

CHRISTOPHER M. MCNULTY
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

J. REID PROUTY
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA Nos. 61144, 61219, 62738, Appeals of Sungwoo E&C Co., Ltd., rendered in conformance with the Board's Charter.

Dated: April 27, 2022

PAULLA K. GATES-LEWIS
Recorder, Armed Services
Board of Contract Appeals